### G. W. FOSTER ET AL. *v.* JOHN JORDAN.

MANDATE. *Production waived.*
> While, if objection is made in the lower court, a case remanded cannot be tried without the mandate, the point cannot be raised here for the first time.

ERROR to the Circuit Court of Clay County.

Hon. J. S. HAMM, Judge, presiding by interchange with Hon. JAMES M. ARNOLD.

*Flaniken & Beckett*, for the plaintiffs in error.

The want of a mandate is fatal to the jurisdiction of the Circuit Court. Code 1871, § 418; *McComb* v. *Ellett*, 8 S. & M. 505; *Shirley* v. *Conway*, 44 Miss. 434; *Doe* v. *McDonald*, 27 Miss. 610; *Bank* v. *Martin*, 9 S. & M. 613; *Gwin* v. *McCarroll*, 1 S. & M. 351; *Claughton* v. *Black*, 24 Miss. 185; *Root* v. *McFerrin*, 37 Miss. 17.

*Gerdine & Critz*, for the defendant in error.

The point that there was no mandate comes too late.

CHALMERS, J., delivered the opinion of the court.

This case having been heretofore in this court and reversed, the mandate certifying that fact to the lower court was issued Feb. 6, 1877, but seems not to have been filed in the lower court until after the second trial, from which the present writ of error is prosecuted. It is therefore insisted that the Circuit Court of Clay County was without jurisdiction at the time of the second trial, because it had no mandate from this court

permitting it to proceed with the case, which, so far as that court knew, was still undetermined in this.

This is an erroneous conception of the province of the mandate. It is the judgment of this court reversing and remanding a case which gives the lower court authority to enter upon a new trial. The mandate is the official mode of communicating that judgment to the inferior tribunal. The production of the mandate is the best evidence of the fact of reversal, and if objection was made in the lower court, a second trial could not be gone into until the mandate was filed. But in this case the second trial took place without objection, and it is in this court that the objection is made for the first time that the Circuit Court had no jurisdiction. This is too late. Our own records show a reversal and issuance of a mandate two months before the second trial in the lower court; and the parties, by going into that trial without objection, must be held to have waived the filing of the mandate.       *Judgment affirmed.*