WERTHEIN & GOMPERTZ *v.* CONTINENTAL RAILWAY & TRUST CO.

*(Circuit Court, D. Connecticut.* May 18, 1882.)

1. PRACTICE—DILATORY PLEAS—WAIVER OF RIGHT.

Where the rule of practice of the state court, rigidly observed, is that "all pleas in abatement in the superior court must be filed on or before the opening of the court on the day following the return-day of the writ," a failure to file such plea within the time specified is a waiver of his right to take advantage in that court of defective or insufficient service.

2. SAME—ON REMOVAL OF CAUSE.

Where a defendant in a state court has lost by his inaction the right to object to the defective service of the complaint, and thereafter removes the cause to the circuit court of the United States, he cannot be permitted in such circuit court to plead in abatement such defective service.

3. SAME—CONDITION OF CAUSE REMOVED.

The case comes into the circuit court on a removal, in the same condition in which it was in the state court.

4. SAME—ESTOPPEL.

The failure to file a plea in abatement in the state court is a voluntary admission that the action was properly before that court, and defendant should not now be permitted to assert that the writ had never been served, and that the cause had never been legally before any court.

*J. Halsey*, for plaintiff.

*Lewis E. Stanton*, for defendant.

SHIPMAN, D. J. This is a bill in equity which was made returnable before the superior court for the county of New London, on September 13, 1881. If any service of the bill of complaint ever was made, it was made on July 29, 1881. Upon the return-day the defendant entered its appearance in the state court, and without pleading or making other suggestion of a want of jurisdiction in the court, filed on September 22, 1881, its petition and bond for the removal of the cause to this court at the present term. The petition and bond were accepted, and upon the second day of this term the defendant filed in this court a plea in abatement for non-service of the complaint. One of the "general rules of practice" of the superior court of this state, and a rule very rigidly observed, is as follows: "All pleas in abatement in the superior court must be filed on or before the opening of the court on the day following the return-day of the writ." By the uniform practice of the state court the defendant had, by its appearance and unexcused omission to file a plea in abatement on the second day of the term, waived any right to take advantage in that court of defective or insufficient service. The plea was set down by the plaintiff for argument.

The important point in the case is this: Can a defendant who has by inaction lost his right in the state court to object to the defective service of the complaint, and has thereafter removed the case to the circuit court, be permitted in this court to plead in abatement such defective service?

Section 6 of the statute of 1875, in regard to the removal of causes, (1 Supp. Rev. St. 174,) provides "that the circuit court of the United States shall, in all suits removed under the provision of this act, proceed therein as if the suit had been originally commenced in said circuit court, and the same proceedings had been taken in such suit in said circuit court as shall have been had therein in said state court prior to its removal." It cannot now be doubted that the circuit

court takes the case where the positive affirmative action of the state court has left it.    If the state court has made an order, and thereafter the case is removed, it goes into the circuit court, with the order, if unexecuted, to be executed, and, if executed, to remain a valid order. Thus, in *Duncan* v. *Gegan*, 101 U. S. 810, Chief Justice Waite says:

"The circuit court, when a transfer is effected, takes the case in the condition it was when the state court was deprived of its jurisdiction.    The circuit court has no more power over what was done before the removal than the state court would have had if the suit had remained there.    It takes the case up where the state court left it off."

This language had reference to a condition in which the case had been placed by the positive orders or decrees of the state court, and not to a condition or state in which the case was by reason of the non-action of the removing party.    But I think if one of the parties had, by his non-action within the time prescribed by the state court, prevented himself from asserting a defence or an objection to the jurisdiction of the court, and thereafter in that court such defence or objection could not be considered as existing, that the circuit court takes the case in the condition in which the non-action of the party left it.    In the present suit the defendant had, by its conduct, declared that it abandoned the defences usually taken advantage of by dilatory pleas, and, so far as the state court was concerned, in the absence of an excuse for non-compliance with the rule, was as effectually prevented from making a defence of non-service as if the court had passed a decree that no dilatory plea would be permitted, and that, for the purposes of the case, good service had been made.    The defendant having voluntarily admitted that the action was properly before the state court, an admission which is perpetual while the case is in that court, it is not proper that it should now be permitted to assert that the writ had never been served, and that the cause had never legally been in any court.

If such a plea can be permitted in this case it must also be permitted in a case which had remained in the state court three months or six months, provided no pleadings had been filed and no admissions had been made.    It is not in accordance with orderly practice to permit a defendant who had abandoned in the state court by delay all his defences of non-service, non-joinder of parties, and the like, to remove his case into this court and then go through the various dilatory pleas in their order.    If no court properly has jurisdiction of the case by reason of non-service of the complaint, but the defendant has chosen,

in accordance with the rules of the court to which the case is brought, to waive the defect and submit himself to the jurisdiction of the court, the defect should be considered as forever waived.

In *Sayles* v. *Northwestern Ins. Co.* 2 Curt. 212, a case removed from a state court, Mr. Justice Curtis said, *obiter*, upon a motion to dismiss the cause for want of jurisdiction upon the ground that no service had been made, that the defendant, who had removed a case from a state court to the circuit court, had, by his petition for removal and removal, in which proceeding he was the actor, voluntarily treated the suit "as properly commenced and actually pending in the state court, and he cannot, after it has been entered here, treat it otherwise;" and that after removal upon his petition he cannot be permitted to say, in effect, that there was no suit before the state court. For the decision of the present case it is not necessary to take the ground which Judge Curtis was willing to occupy, for it can well be assumed that if the defendant had pleaded in abatement in the state court, and then had forthwith removed the cause, the petition for removal would not have been an abandonment of or inconsistent with the plea.

Inasmuch, however, as the defendant has by inaction lost the opportunity of attacking in the state court the validity of the service of the process, and has thereafter removed the case to this court, I think that it comes in the same condition in which it left the state court.

The plea is overruled.