## FRANK STRASSEL *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 4—618, as Strassell v. Commonwealth.]

**Criminal Law—Instructions.**

Where instructions in a criminal trial are given verbally and are not in the record, it can not be determined whether the accused was prejudiced by them or not. Where a written instruction was not excepted to, though erroneous, the error will ordinarily not avail the accused in the Court of Appeals.

APPEAL FROM JEFFERSON CIRCUIT COURT.

January 13, 1883.

OPINION BY JUDGE PRYOR:

It is a little remarkable that the appellant should have been the victim of an unjust suspicion in both the cases appealed here, the one an indictment for robbery and the other for malicious shoot-

ing. The suspicion seems to have been well founded, also, as the facts developed in each case conduce strongly to establish appellant's guilt. When each case was called there was no effort made to continue either on account of the absence of counsel or for the purpose of procuring witnesses. The court appointed counsel to defend the accused, who was no doubt controlled in the conduct of the trial by the facts the commonwealth had developed establishing the guilt, and saw no means of escape from a verdict of guilty.

After the trial is over the appellant for the first time suggested by way of affidavit that members of his own family could establish his innocence by proving an alibi. His brother was examined for the defense upon that question, and from his intimate and frequent relations with the police court the jury no doubt discredited his testimony. There is not a single exception in the case. It appears that the counsel for the accused and the commonwealth agreed as to the law of the case, and the jury took the facts into consideration without a written instruction. This was error if there had been an exception made, or, under the circumstances, if the accused had been convicted by reason of an erroneous instruction there might have been some ground for reversal. Here the verbal instruction is omitted from the record and we can not determine whether or not he was prejudiced by it. All the record is before us but that instruction, and if the jury were properly instructed, although verbally, this court would not reverse. An instruction, if in writing, although erroneous and not excepted to, will not ordinarily avail the accused in this court for a reversal.

The mode of conducting the trial, except so far as the constitutional rights of the accused are concerned, may be waived either by himself or counsel. He may consent to a continuance of his cause, or agree to go into the trial; or he may waive almost any error in the progress of the trial, after the jury has been empaneled, by not excepting at the time. We see nothing in the action of counsel defending the accused indicating a want of knowledge of the law or a lack of interest in the defense. The case was presided over by a judge who would not have permitted a conviction under the circumstances unless the accused was guilty, and when his attention was called to all the facts transpiring during the trial, upon the motion to set aside the verdict, he refused to sustain the motion favorably to the accused. In reading each record we are satisfied of the guilt of the accused, and whether so or not we

see no grounds for reversal in either case. This opinion applies to both the indictment for robbery and malicious shooting.

Judgment in each case is *affirmed*.

*H. Clay, J. J. McAfee, for appellant.*

*P. W. Hardin, for appellee.*