ELIZABETH COURTNEY v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

January 12, 1906.

Nos. 14,467—(119).

**Injury at Highway Crossing.**

Defendant's servants were engaged in repairing its roadbed at a public crossing, approached by a highway constructed above a neighboring marsh. The plaintiff was riding in a vehicle driven by her sister, when the

[1]Reported in 106 N. W. 90.

gentle family horse drawing it took fright and went over the embankment. She was thrown to the ground and suffered the injuries for which recovery is here sought. It is *held* that the evidence failed to affirmatively show any actionable negligence on the part of defendant which was alleged in the complaint.

Action in the district court for Wright county to recover $10,000 for personal injuries. The case was tried before Giddings, J., and a jury, which rendered a verdict in favor of plaintiff for $1,500. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed and new trial granted.

*Alfred H. Bright* and *J. H. Wendell,* for appellant.

*J. J. Woolley* and *J. C. Tarbox,* for respondent.

JAGGARD, J.

This was an action to recover for personal injuries received at a highway crossing of the defendant road. The highway approached the railroad on a sharp angle, of less than forty five degrees, and at a point about two hundred feet from the crossing entered upon a marsh, across which the railroad was built upon a fill. This grade near the track was about five or six feet above the marsh, and at a point about seventy five feet therefrom about four feet above it. There was a sudden rise in the highway as it approached the track. The road was according to some testimony two, according to other testimony nine, feet wide either side of the traveled way. At the point of the accident the plaintiff was with her sister, who was driving a gentle family horse on this highway. A steel gang, under its foreman, was engaged in relaying the track across this highway and beyond. As the vehicle approached the crossing, and when it was between seventy five and one hundred feet away, the horse became afraid and pranced about. The sister called to the men and waved her hand. She thought there was nothing else to do but to go on, because of the narrowness of the road. If she stopped, the horse might go over the grade; if she turned, she would have driven into the marsh. So she, holding the lines, asked the plaintiff to give the horse, then on a slow trot, a cut with the whip,

thinking they could go right over the crossing. The men were pounding upon the rails and spiking them down, and kept right on working. Two of them, working on the crossing, however, looked up and saw the vehicle approaching and stepped to one side. The third, absorbed in tightening the nuts with a wrench was in a sitting position, astride the rails. The horse was then driven right up to the track, to a point not over two or three feet from it, according to some of the testimony, when this third man rose just as the horse got up to the track, and then the horse got excited and wheeled, and went over the bank and down into the swamp.

In laying the steel across the highway, the planking was taken up and placed on one side; this left the rail exposed and higher than the roadbed. The foreman, when about two hundred feet away from the crossing, saw the horse and buggy approach. He did not call out to them, but turned back to go to the crossing to assist them over, because he saw they were two ladies and he "didn't know but what the horse might be scared." He would have to relay the planking—put in the planking temporarily—until after they got over. He saw the plaintiff take the whip and strike the horse, and thought she knew what she was doing and would probably get over all right. He says the horse was thirty or forty feet from the crossing when it went over the bank. He did not notice that the horse appeared frightened before that time. The jury returned a verdict for $1,500. The court refused to direct a verdict for the defendant or to grant a new trial. The defendant thereupon took this appeal.

Defendant assigns as error the denial of its motion to direct a verdict for the defendant, because there was no evidence of negligence, and because there was conclusive evidence of contributory negligence. Upon argument, however, counsel for defendant abandoned the contention that the plaintiff was guilty of contributory negligence, and insisted that the record showed a clear case of accident, where neither the plaintiff nor defendant was at fault. We are of opinion that there was no contributory negligence. Accordingly the only question, in this connection, is whether or not the proof showed actionable negligence on the part of the defendant.

The trial court, in denying defendant's motion for judgment, regarded "this as a doubtful case." That doubt is increased by a material consideration adverse to the plaintiff, which does not affirmatively appear to have been presented to the trial court, but which is now before us.

The first allegation of negligence in the complaint is that the defendant negligently failed to give notice of the then dangerous and unfit condition of the crossing. There is no specific allegation assigning this as the cause of the injury. The second allegation of negligence is that the defendant negligently obstructed the crossing, and the third that it negligently continued to cause a great noise to be made by then and there continuing to strike the iron rails and iron spikes with metallic hammers, if, indeed, these second and third allegations are not properly one and do not result in an allegation of negligent continuance of noise. Then follows an omnibus allegation that the injury was caused "by reason of the said wilful, unlawful, and negligent acts of the defendant." By liberal construction, this will be regarded as referring to the three grounds of negligence previously set forth, although, strictly speaking, it should be applied to the last two only. These allegations and the evidence introduced upon the trial must be considered in the light of defendant's motion to instruct the jury in its favor, made at the close of the trial, namely,

> That the evidence does not disclose any negligence on the part of the defendant as a basis for the cause of action set out in the complaint in this action.

Evidence was introduced showing that defendant's foreman had frequently seen horses frightened at the noise made by such work. The trial court in its charge at one place refers to the matter of noise and at another place says:

> Plaintiff claims that as they were attempting to approach this railway crossing the men remained in their positions upon that crossing, swinging their hammers and doing the other work, etc.

The issue of negligent continuance of noise, as specifically pleaded, is, however, eliminated from consideration of the case in this

court; for plaintiff, in the words of her own counsel in his brief here, repudiates any

> Claim that the employees of the company were negligent in making a noise, although that was what probably first caused the horse to become frightened, but we claim that after the horse became frightened and the women were discovered, or in the exercise of ordinary care should have been discovered, it was negligence in defendant's servants to continue with their work after discovering the women in a position of peril, * * * and this is true, even if the plaintiff placed herself in such position by her own negligence.

In view of the testimony actually adduced on this point, this abandonment of noise as the basis of negligence is reasonable. The man who continued at work was not making a noise with a hammer, but was upon his knees tightening a nut with a wrench. The contributory negligence of the plaintiff is now eliminated from the case. The doctrine of avoidable consequences is not involved. Accordingly the issue as to actionable negligence in making a noise is no longer in the case, and the negligence now urged is continuance at work after discovery of peril. There is no allegation in the complaint upon which this claim of negligence can reasonably be based. It would not be fair, at this stage of the proceedings, to insist upon precise allegations of negligence in the complaint, or to lay great stress upon variances between pleading and proof; but in the present instance the matter of defendant's negligence is "too much at large," is too confused and vague and uncertain, to permit the verdict to stand. A new trial is accordingly granted.

Order reversed.