ELIZABETH COURTNEY v. MINNEAPOLIS, ST. PAUL & SAULT STE.
MARIE RAILWAY COMPANY.[1]

HENRY COURTNEY v. SAME.

March 28, 1907.

Nos. 15,025—(186, 187).

**New Trial—Waiver of Mandate.**

Where a new trial has been directed by this court, the parties to the
action may waive the fact that a mandate has not been sent down to the
trial court.

**Questions for Jury.**

In an action to recover damages because of the negligence of the de-
fendant's servants repairing a railroad bed at a public crossing, resulting
in damage to plaintiff approaching it on a narrow highway constructed
over a neighboring marsh, it is *held* that the questions of the negligence
of the defendant and of the contributory negligence of the plaintiff are
properly submitted to the jury, and that the verdicts for plaintiff and
her husband are not excessive.

Two actions in the district court for Wright county, one by Eliz-
abeth Courtney to recover $10,000 for personal injuries, and the
other by Henry C. Courtney to recover $4,950 for loss of his wife's
services. They were tried before Giddings, J., and a jury, which
rendered a verdict in favor of the plaintiffs for $1,400 and $400, respec-
tively. From an order denying a motion for judgment notwithstanding
the verdicts or for a new trial, defendant appealed. Affirmed.

*Alfred H. Bright* and *J. H. Wendell,* for appellant.

*J. J. Woolley* and *J. C. Tarbox,* for respondents.

JAGGARD, J.

In accordance with the decision of this case on a former appeal (97
Minn. 69, 106 N. W. 90), in which a new trial was granted, a new
trial was had in the district court. It appears that no mandate from
this court to the trial court was ever sent down. The case, however,
was actually tried and a verdict rendered without objection, and in

[1] Reported in 111 N. W. 399.

this court both counsel, with commendable desire to terminate litigation, agreed that, if it were possible to waive the mandate, it should be waived in this case. It is clear that this may be done. In the case of Benzinger Township Road, 135 Pa. St. 176, 19 Atl. 942, Paxson, C. J., said: If a "procedendo [was] necessary, we would award it nunc pro tunc. Courts pay less regard to mere technicalities now than formerly, and will seldom allow them to interfere with the justice of a cause." And see Becker v. Becker, 50 Iowa, 139; State v. Knouse, 33 Iowa, 365; Albright v. McGinnis' Lessee, 4 Yeates, 517. Proceeding to trial is waiver of formal mandate. Foster v. Jordan, 54 Miss. 509; Gerard v. Gateau, 15 Ill. App. 520; Pringle v. Sizer, 3 S. C. 335.

The facts are fully stated in the former opinion. The present case was tried on an amended complaint, which clearly and sufficiently removed the objections because of which a new trial was ordered on the former appeal. The charge of the court on this trial submitted to the jury the questions whether defendant was guilty of negligence in failing to give notice to the plaintiff of the condition of the crossing at the time of the accident, and in continuing the noise and hammering after the horse had approached so close to the crossing as to render it, as plaintiff claims, impossible for her to return on account of the narrowness of the grade or approach to the crossing. We are of opinion that the allegations of negligence made a sufficient basis of actionable negligence and that the relevant directions to the jury by the trial judge were given in proper and adequate terms. The contributory negligence of the plaintiff was for the jury, and was properly submitted.

Two actions were tried as one. The wife had a verdict of $1,400 in this case and for $1,500 in the former case. Her husband had a verdict for $400 as compensation for loss of his wife's services. These amounts are reasonable in view of the evidence.

Order affirmed.

BROWN and ELLIOTT, JJ. (dissenting).

In our opinion the record discloses no actionable negligence in this case, and the verdict should be set aside.