## Phipps v. Commonwealth.

(Decided December 2, 1924.)

### Appeal from Pike Circuit Court.

1. Criminal Law—Error in Trying Case in Absence of Accused, Not Appearing in Bill of Exceptions, Not Considered on Appeal.—In prosecution for violation of liquor laws, error in trying case in absence of accused, not appearing in bill of exceptions, cannot be considered on appeal.

2. Criminal Law—Error in Orally Instructing Jury Not Appearing of Record nor in Bill of Exceptions Not Considered.—Alleged error in orally instructing jury, not appearing of record, nor in bill of exceptions, cannot be considered on appeal.

3. Criminal Law—Presumed that Irregularity of Having Only Ten Jurors on Panel was Waived, in View of Record.—In prosecution for violation of liquor laws, where alleged error, in trying accused before jury of ten was not made ground of motion for new trial, did not appear in bill of exceptions, and no objection was made, nor exception taken, and attention of court was not called to it at trial, it will be presumed that irregularity was waived.

4. Jury—Accused in Misdemeanor Trial is Entitled to Twelve Jurors, but May Agree to Lesser Number or to be Tried by Court.—Accused in misdemeanor trial in circuit court is entitled to twelve jurors, but may agree to lesser number, or submit law and facts to court.

PICKLESIMER & STEELE for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN. DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

Emmitt Phipps was convicted of a violation of the liquor laws, and his punishment fixed at $300.00 fine and 60 days' imprisonment.

On this appeal the principal ground upon which he relies for a reversal is that he lives about 22 miles from Pikeville, the county seat of Pike county; that the first

train connecting the place of his residence with Pikeville does not arrive at the latter place until about ten o'clock in the morning; that his case was docketed for June 10, 1924.; that on that morning he took passage on that train to Pikeville, and arrived there at ten o'clock; that in the meantime his case had been called at nine o'clock; that his attorney had informed the court of the fact that he was inadvertently absent, but would be present at ten o'clock and requested a postponement until that time. The court refused this and a trial was had and a verdict rendered before his arrival.

It is unnecessary for us to consider whether the court abused its discretion in this matter, as this ground, while set out in the motion for a new trial, does not appear in the bill of exceptions, and therefore cannot be considered.

It is also complained that the court instructed the jury orally, but this does not appear of record nor in the bill of exceptions, and for the same reason cannot be considered.

It is further urged in the brief that the court erred in permitting defendant to be tried before a jury composed of ten persons. This was not made a ground in the motion for a new trial and does not appear in the bill of exceptions and no objection was made or exception taken thereto, nor was the attention of the court in any way called to the matter at the time of trial, although appellant's counsel was present and participated in the trial.

The basis for this attack is that the names of only ten jurors of the panel trying appellant were set out in the judgment. A defendant in a misdemeanor trial in the circuit court is entitled to twelve jurors, but may agree to a lesser number or waive any number or all of the jurors and submit the law and facts to the court.

In view of the record as above set out we must assume that, if there were only ten jurors on the panel, this irregularity was waived. The evidence was sufficient to support the verdict and it does not appear that any incompetent evidence was introduced.

Wherefore, perceiving no error, the judgment is affirmed.