## Branham v. Commonwealth.

(Decided June 19, 1925.)

### Appeal from Pike Circuit Court.

1. Jury—Ancient Mode of "Trial by Jury" Within Constitutional Sense Defined.—The ancient mode of trial by jury, the right to which is guaranteed by Constitution, section 7, to one charged with crime is a trial by jury according to the forms and requirements of the common law, the essential features of which were a trial by a court of justice, presided over by a judge, before a jury of the vicinage, composed of 12 men, all of whom must agree upon a verdict.

2. Jury—Trial for Felony by Seven Jurors by Agreement Held Unauthorized and Unconstitutional.—Conviction of accused for a felony, on trial by seven jurors instead of 12, by agreement of parties, held void as denial of ancient mode of trial by jury guaranteed by Constitution, section 7, and not authorized by Constitution, section 248, and Kentucky Statutes, sections 2252, 2268; accused's bad faith in making such agreement being immaterial.

3. Criminal Law—Only Errors Not Appearing on Face of Record Must be Made Part of Record by Bill of Exceptions.—Only errors not appearing on face of record must be made part of record by bill of exceptions to merit review.

4. Criminal Law—Bill of Exceptions Held Not Necessary, Where Error Appeared on Face of Record.—Bill of exceptions held not necessary, where error in trying accused before jury of less than 12 appeared on face of record in trial court.

PICKLESIMER & STEEL for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Reversing.

The appellant, Sylvan Branham, was indicted for and tried and convicted in the Pike circuit court of the

crime of unlawfully and feloniously detaining Leora Logan,. a female, against her will, "with intent to have carnal knowledge with her himself," and his punishment fixed by verdict of the jury and judgment of the court at confinement in the penitentiary for the period of two years. He has appealed.

Only one of the several grounds filed in support of his motion for a new trial, made and overruled in the court below, is urged by the appellant on the appeal for the reversal of the judgment of conviction, viz.: Error, alleged to have been committed by the trial court in permitting him to be tried and convicted by a jury composed of seven, instead of twelve jurors as required by the Constitution and law of the state; whereby he was, as claimed, deprived of an inalienable right guaranteed him as a citizen of the state by the Constitution and laws thereof.

The transcript of the record filed on the appeal contains all orders of the circuit court setting forth the proceedings had upon the appellant's trial therein, including that showing the selection and impanelling, by agreement of the Commonwealth and defendant, of the jury of seven jurors by which he was tried, and the verdict returned by them; the orders showing the filing and overruling of his motion and grounds for a new trial, the exception to that ruling; and also the judgment of the court approving the verdict and pronouncing of sentence thereon. So the single question presented for decision by the appeal is, was the appellant's conviction of the crime charged obtained through or by means of such a trial by jury as is guaranteed by the Constitution and laws of the state? By section 7 (Bill of Rights), Constitution, it is declared:

> "The ancient mode of trial by jury shall be held sacred, and the right thereof remain inviolate, subject to such modifications as may be authorized by this Constitution."

The ancient mode of trial by jury, the right to which is guaranteed one charged with crime, by the section, *supra*, is a trial by jury according to the forms and requirements of the common law; the essential features of which were and are that he be put upon his trial in a court of justice, presided over by a judge; and that he be tried by a jury of the vicinage composed of twelve men, all of whom must agree upon a verdict. Black-

stone's Commentaries, vol. 2, p. 350; Hale's Pleas of the Crown, vol. 1, p. 33; Cooleys Constitutional Limitations, 391; Capital Traction Co. v. Haff, 174 U. S. 1. (43 L. Ed. 837); Thompson v. Utah, 170 U. S. 343. (42 L. Ed. 1061); Wendling v. Commonwealth, 143 Ky. 587.

Section 11 (Bill of Rights), Constitution, likewise guarantees the accused in all criminal prosecutions certain other important rights, not necessary to mention, because not here involved. Section 248, of that instrument provides that a grand jury shall consist of twelve, instead of sixteen persons as required by the preceding Constitutions of the state and the common law; and that nine of the twelve concurring may find an indictment. It also provides:

"That in civil and misdemeanor cases in courts inferior to the circuit courts, a jury shall consist of six persons."

It will be observed that this section is silent as to the number of persons necessary to constitute a petit jury in the circuit court, which silence continues in force the requirement that the jury in that court shall consist of twelve persons. It is manifest, however, from the language employed in this section (248, Constitution) that its provisions reducing the number of grand jurors from sixteen to twelve, and of the petit jury in civil and misdemeanor cases, in courts inferior to the circuit court, from twelve to six jurors, are self-executing.

The same section also contains the following provision:

"That the General Assembly may provide that in any and all trials of civil actions in the circuit courts, three-fourths or more of the jurors concurring, may return a verdict, which shall have the same force and effect as if rendered by the entire panel. But where a verdict is rendered by a less number than the whole jury, it shall be signed by all the jurors who agree to it."

Obviously, the provisions of section 248, *supra*, last quoted merely confer upon the General Assembly the power to effect, by legislative enactment, the changes thereby authorized with respect to the finding and rendering of verdicts by juries in trials of civil actions in the circuit courts; and left to the option of that body the matter of its exercise, which option the General

Assembly did, in fact, exercise by the subsequent enactment of section 2268, Kentucky Statutes, in substantially the same language used in section 248, Constitution.

It cannot be doubted that the changes in the jury system of the state, or, more correctly speaking, in the "ancient mode of trial by jury," thus made and authorized by the latter section of the Constitution, are, as held in Lakes v. Goodloe, Judge, 195 Ky. 240, to be regarded as but modifications of that right permitted by section 7, Constitution, *supra*. But in our opinion, the decision of the question at issue is controlled by section 2252, Kentucky Statutes, which provides:

"A petit jury in the circuit court shall consist of twelve persons, and in all trials held in courts inferior to the circuit court, or by any county, police or city judge, or justice of the peace, a jury shall consist of six persons; but the parties to any action or prosecution, *except for felony,* may agree to a trial by a less number of persons than is provided for in this section."

The only modifications, therefore, of the ancient mode of trial by jury made by the Constitution as contemplated and sanctioned by section 7, Bill of Rights, are contained in section 248 of that instrument; and in section 2252-2268, Kentucky Statutes, subsequently enacted by the General Assembly because by it deemed necessary to put into effect such of the provisions of section 248, Constitution, as were not self-executing. But it will be observed that neither by any provision of that section of the Constitution, nor of either of the two sections of the statutes, *supra,* are those modfications, or any of them made to include or apply to prosecutions or trials for felony.

The three sections concur, however, in the requirement that a petit jury in the circuit court shall consist of twelve persons, and together with section 7 (Bill of Rights) Constitution, preserve to any and all persons charged with felony the "ancient mode of trial by jury."

Manifestly, the language of the section, 2252, of the statute, forbidding the parties to a prosecution for a felony, which can be tried only in the circuit court, to agree to a trial of the accused by a jury composed of a less number of persons than the twelve required both by the Constitution and statute to constitute a petit jury in that court, is mandatory. The inhibition thus declared

by the statute and authorized by the Constitution, is as binding upon the Commonwealth as it is upon the accused, and so positive in meaning and effect as to outlaw any agreement that might be made by the parties to a prosecution for a felony to a trial of the accused by a jury of a less number of persons than twelve, and put it out of the power of the circuit court to permit such an agreement, or a trial of the accused in pursuance thereof. Indeed, the trial and conviction of one charged, as was appellant, by indictment with a felony, under such an agreement as was carried into effect in his case would, if the conviction were permitted to stand, amount to an abrogation of the ancient mode of trial by jury, declared sacred by section 7 (Bill of Rights), Constitution.

Therefore, it is our conclusion that the appellant's conviction of the crime charged was not obtained by means of such a trial by jury as is guaranteed by the Constitution and laws of this state. While it may be true, as intimated by counsel for the Commonwealth, that the appellant made the agreement to be tried by a jury of only seven persons, with the knowledge that it was forbidden by the statute and with the intention of relying upon his legal inability to make such an agreement as a means of escaping conviction of the crime charged, should such conviction result on the trial; that fact, however potent its effect as tending to prove the bad faith of the appellant, cannot authorize the affirmance of the judgment.

The mandatory meaning and effect of the inhibition of the statute forbidding any agreement between the parties to a prosecution for felony that the accused be tried by a jury composed of a less number of persons than twelve, cannot be destroyed or waived by such an agreement. The inhibition, however, does not exclude the making or carrying out of such an agreement by the parties to a civil action, or prosecution for a misdemeanor.

In Murphy v. Commonwealth, 1 Metcalf, 365, and Tyra v. Commonwealth, 2 Metcalf, 1, both of which cases were decided prior to the adoption of the present state Constitution, and, also, before the enactment of section 2252, Kentucky Statutes, supra, it was held that in prosecutions for misdemeanors, where the penalty imposed is a fine, an agreement by the defendant to be tried by a jury constituted of a less number than twelve presons is not inconsistent with any rule of law or with public

policy; and in the recent case of Phipp v. Commonwealth, 205 Ky. 832, we held that:

> "A defendant in a misdemeanor trial in the circuit court is entitled to twelve jurors, but may agree to a lesser number or waive any number or all of the jurors and submit the law and facts to the court."

But the brief of counsel for the Commonwealth has failed to cite, nor have we after a careful search been able to find, any case decided in this jurisdiction, in which it was held with respect to a prosecution for felony that an agreement by the defendant to be tried by a jury composed of a lesser number than twelve persons, was permissible, or that sustained a conviction of the defendant of a felony, obtained by verdict of a jury so constituted. There is, however, abundant authority holding invalid a judgment of conviction so obtained in a prosecution for felony. Thus in Cooley's Constitutional Limitation (6th ed.), page 390, the learned author in discussing the constitutional requirement that a jury in the trial of one charged with a felony shall consist of twelve persons, declares:

> "Any less than this number of twelve would not be common law jury, and not such a jury as the Constitution guarantees to accused parties, when a less number is not allowed in express terms; and the necessity of a full panel could not be waived—at least in case of felony—even by consent. The infirmity in case of a trial by jury of less than twelve by consent, would be that the tribunal would be one unknown to the law, created by mere voluntary act of the parties; and it would in effect be an attempt to submit to a species of arbitration the question whether the accused has been guilty of an offense against the state."

In Keeling v. Commonwealth, 178 Ky. 628, it was held that the defendant

> "Does not lose his right to make the question in the trial court, or on appeal, that he was tried and convicted by a jury consisting of less than twelve persons, although he may have failed during the trial to make any objection or save any exception to the fact that the trial jury was not composed of the requisite number of jurors." Wendling v. Com-

monwealth, 143 Ky. 593; Kokas v. Commonwealth, 194 Ky. 44.

It is true the three cases last cited were what are classed as capital cases, but what is declared in the excerpt quoted from the opinion in Keeling v. Commonwealth, *supra,* is equally applicable to the case at bar; for, as its language unmistakably shows, section 2252, of the statute, *supra,* makes no distinction between what are known as capital crimes and other felonies. Its language sweepingly embraces all felonies of whatsoever kind; and its mandatory requirement that one subjected to trial for felony in the circuit court must be tried by a jury composed of twelve persons, and forbidding his trial—even though agreed to by him—by a lesser number of jurors than twelve, was as applicable to the felony with which the appellant was charged, as if it had been a capital offense or crime; and the action of the circuit court in permitting him to be tried by the jury of seven persons must be held to constitute reversible error.

It is insisted by counsel for the Commonwealth that the error complained of cannot be reviewed by this court because of the absence of a formal bill of exceptions, showing what transpired at the appellant's trial. No reason is apparent for sustaining this contention.

> "The office of a bill of exceptions is to bring to the appellate court for review such parts of the proceedings and facts occurring at the trial as are not required by the rules of practice to be enrolled on the order book or record of the court, and the only way such proceedings and facts as are not thus required to be enrolled can properly become a part of the record is by bill of exceptions duly certified as required by law." Tull v. Commonwealth, 187 Ky., 413.

But where as in this case the single error complained of and all steps and proceedings relating thereto, including the ruling complained of and excepted to, appear on the face of the record in the trial court through the orders and judgment of that court, the whole being a complete narrative and explanatory of what was done therein, the preparation and filing of a bill of exceptions will not be required. It is only errors not appearing on the face of the record proper, that in order to be reviewed, must be made a part of the record by bill of exceptions.

For the reasons indicated the judgment is reversed and cause remanded for a new trial and such other proceedings as may not be inconsistent with the opinion. The whole court sitting.