**HARE & CHASE, Inc., et al. v. DUNTON.**

(No. 10286.)

Court of Civil Appeals of Texas. Dallas. June 9, 1928.

1. **Removal of causes ⊜⇒111—On removal, federal court had exclusive jurisdiction of main suit and incidental receivership (U. S. Jud. Code, § 36 [28 USCA § 79]).**

On removal of action from state to federal court under U. S. Judicial Code, § 36 (28 USCA § 79), federal District Court was vested with exclusive jurisdiction of the main suit, including as an incident the receivership which is merely auxiliary to main suit.

2. **Removal of causes ⊜⇒95—Removal did not annul state appellate court's final judgment vacating receivership, but federal court took case where state court left off (U. S. Jud. Code, § 36 [28 USCA § 79]).**

Removal of suit from state to federal court under U. S. Judicial Code, § 36 (28 USCA § 79) did not annul judgment of state appellate court vacating receivership that had become final before removal, but embodied conditions precedent to the discharge of the receiver unexecuted at the time of the removal went with the main suit, and federal court took case where state court left off and thereafter had exclusive authority to determine and adjust equities.

3. **Receivers ⊜⇒199—Trial court's order granting attorney's fees to receiver after appellate court's vacation of receivership, but before issuance of mandate, held premature and irregular.**

Where after state appellate court entered order vacating receivership but before mandate issued thereon receiver under vacated order applied to trial court for allowance of reasonable attorneys' fees, defendants were not compelled to take notice of such motion and could have objected to any proceedings prior to filing of mandate, and court's order in granting allowance under circumstances was premature and irregular.

4. **Removal of causes ⊜⇒116—Defendants' remedy for prejudice resulting from order prematurely granting receivers' and attorneys' fees held to be application to federal court to which suit had been removed.**

Remedy for any prejudice to defendants from trial court's premature and irregular order allowing receivers' and attorneys' fees out of corpus of receivership estate, entered after state appellate court ordered discharge of receiver but before its mandate issued, was by application to federal court to which suit had been removed.

Suit by H. F. Dunton against Hare & Chase, Inc., and others. On defendants' original application for mandamus. Application refused.

Turner & Rodgers and C. R. Winn, all of Dallas, for appellants.

Eugene De Bogory, of Dallas, for appellee.

LOONEY, J. At a former day of this term, we reversed the order of the trial court appointing a receiver in this case, vacated the receivership, and ordered the discharge of the receiver, our order (6 S.W.[2d] 139) being as follows:

"We therefore sustain the contention of appellants; the judgment of the trial court is reversed, the receivership vacated, and the receiver will be discharged when he shall have tendered to the court below an account of his stewardship and restored to the custody from which he received properties taken possession of under the appointment, together with the proceeds of all collections, subject to such equities in favor of the receiver for reimbursement for reasonable expenses, if any, actually and necessarily incurred in making collections, and for reasonable compensation for services incident thereto. This order will be certified to the trial court for its observance."

After this order was entered, but before mandate issued thereon, appellee, plaintiff below, filed an amendment to his original petition in the main case, and therein again sought the appointment of a receiver; and the receiver under the vacated order applied to the trial court for an allowance of compensation for services and for reasonable attorney's fee, which were allowed in the sum of $550 to the receiver and $50 attorney's fee, all to be paid from the corpus of the receivership estate.

At this juncture appellants removed the suit to the United States District Court for the Northern District of Texas, where it is now pending.

After removing the suit, appellants caused mandate to issue from this court and then demanded of the receiver delivery of the assets in his custody in obedience to the judgment and order of this court, and also requested the trial court to set a date for a hearing on an accounting by the receiver as to his stewardship. The court, however, refused to take further action, claiming that the state court had been deprived of jurisdiction by the removal. Thereupon appellants filed in this court the motion now under consideration, in which they seek to have this court recall the mandate, compel the receiver to make a full accounting, deliver up all assets in his custody as receiver, reimburse the receivership estate to the extent of any sum withdrawn therefrom as compensation and attorney's fee, under the order of the trial court hereinbefore mentioned, and, in the alternative, if this relief should be refused, to issue a writ of mandamus commanding the trial judge to carry out the judgment and order of this court by compelling the receiver to surrender to appellants the funds and assets in his custody without deductions for compensation or expenses, and that said judge be directed to tax against appellee, as costs incident to the

receivership, all such fees and expenses allowed the receiver.

[1] We are of the opinion that this court has no jurisdiction over the subject-matter of the motion. On removal of the cause, the United States District Court was vested with exclusive jurisdiction of the main suit, including as an incident the receivership, which is not a suit apart but a matter auxiliary to the main suit. Werner v. Needham (Tex. Civ. App.) 201 S. W. 213; Texas Pipe Line Co. v. Ware (C. C. A.) 15 F.(2d) 171.

[2] However, the removal of the main cause did not annul the judgment of this court, vacating the receivership, that had become final before removal, but the embodied conditions precedent to the discharge of the receiver, unexecuted at the time of the removal, went with the main suit, and the federal court is now vested with exclusive authority to require the receiver to render an accounting and restore to the custody of appellants the property received by him as receiver, together with the proceeds of collections, if any, and that court is alone authorized to determine and adjust equities in his favor for expenses incurred and reasonable compensation for services; in other words, the federal court took the case where the state court left off.

The effect of the removal of a suit from a state to a federal court is stated in section 79, U. S. Code Ann. (section 36, Judicial Code), as follows:

"When any suit shall be removed from a state court to a District Court of the United States, any attachment or sequestration of the goods or estate of the defendant had in such suit in the state court shall hold the goods or estate so attached or sequestered to answer the final judgment or decree in the same manner as by law they would have been held to answer final judgment or decree had it been rendered by the court in which said suit was commenced. All bonds, undertakings, or security given by either party in such suit prior to its removal shall remain valid and effectual notwithstanding said removal; and all injunctions, orders, and other proceedings had in such suit prior to its removal shall remain in full force and effect until dissolved or modified by the court to which such suit shall be removed." 28 USCA § 79.

Construing this statute before it was amended so as to read "District Court" instead of "Circuit Court," Chief Justice Waite, in Duncan v. Gegan, 101 U. S. 810–812 (25 L. Ed. 875) said:

"The transfer of the suit from the state court to the Circuit Court did not vacate what had been done in the state court previous to the removal. The Circuit Court, when a transfer is effected, takes the case in the condition it was when the state court was deprived of its jurisdiction. The Circuit Court has no more power over what was done before the removal than the state court would have had if the suit had remained there. It takes the case up where the state court left it off. [Citing a number of authorities.]"

In view of the case presented by appellants' motion, the language of the court in Werthein v. Continental R., etc., Co. (C. C.) 11 F. 689, is very pertinent. The court said:

"It cannot now be doubted that the Circuit Court takes the case where the positive affirmative action of the state court has left it. If the state court has made an order, and thereafter the case is removed, it goes into the Circuit Court [now District] with the order, if unexecuted, to be executed, and, if executed, to remain a valid order."

[3, 4] It is made to appear that the order of the trial court allowing the receiver compensation in the sum of $550 and $50 for attorney fee was entered without notice to appellants, and that they had no opportunity to be heard on the motion. The contention is made that they have been prejudiced thereby; that they have no right of appeal and are without an adequate remedy to protect themselves from the consequences of said order.

We cannot assent to the correctness of the proposition that they are without an adequate remedy. As the mandate from this court had not issued when the receiver filed the motion for allowances, appellants were not compelled to take notice of same or the proceedings thereunder. They were entitled to notice of the motion, and could have objected to any proceedings prior to the filing of the mandate. The order of the court, granting the allowances under the circumstances, was evidently premature and irregular. Warren v. Frederichs, 83 Tex. 380, 18 S. W. 750; Foster v. Jordan, 54 Miss. 509; Courtney v. Minneapolis, etc., R. Co., 100 Minn. 434, 111 N. W. 399. If appellants have been prejudiced thereby, we see no reason why they may not seek relief from the federal court by proper motion, just as could have been done in the state court if the case had not been removed.

We are of the opinion, therefore, and so hold, that the matters presented by appellants in the motion under consideration belong to the jurisdiction of the federal court, and that we are wholly without jurisdiction in the premises. The motion is therefore refused.