## Tillman v. Commonwealth.

(Decided March 24, 1936.)

WILLIAM LEWIS & SON and A. H. EVERSOLE for appellant.

B. M. VINCENT, Attorney General, and J. J. LEARY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

At the May, 1934, term of the Laurel circuit court, appellant was tried and convicted of the crime of grand larceny, and sentenced to the State Reformatory for a period of five years. He prosecuted his appeal to this court, and the judgment of the circuit court was reversed by this court on May 3, 1935, with directions to grant appellant a new trial. 259 Ky. 73, 82 S. W. (2d) 222.

The mandate was issued from the clerk's office of this court on June 8, 1935, and entered of record in the Laurel circuit court on June 10th, and an order was entered on that day setting aside the former judgment of conviction and granting appellant a new trial.

However, on June 7, 1935, one day before the issuance of the mandate from the clerk's office of this court, appellant was retried and convicted in the Laurel circuit court and sentenced to the State Reformatory for a period of three years, and to reverse that judgment he prosecutes this appeal.

The sole ground relied upon for reversal is that at the time of the last trial, June 7, 1935, the mandate on the former appeal had not issued from this court and the former judgment of conviction was still in force and the case did not stand for trial on the docket of the circuit court at that time, and therefore the circuit court had not jurisdiction of the case. It does not appear that appellant made any objections in regard to the mandate not having been filed when the case was called for trial. It appears from the record from an order entered at the time the case was called for trial that both parties answered ready for trial. However, in the bill of exceptions it appears that the defendant answered not ready and moved the court for a continuance, which motion the court overruled, but the record does not disclose any grounds or reason for continuance. It merely recites that defendant answered not ready and moved the court for a continuance. It is argued in brief of appellant that he had no witnesses present at the time the case was called for trial, and it appears that his motion for a continuance was made for that reason. But there was no affidavit filed in support of the motion, setting out the names of the witnesses and the facts he expected to prove by such absent witnesses, as required by section 189 of the Criminal Code of Practice, nor were there any objections made that the mandate had not been filed. A mere motion for a continuance without setting out any reason therefore is insufficient.

When a case has once been tried and an appeal taken to this court resulting in a reversal of the judgment and directing a new trial, the proper procedure required by the Code (section 761, subd. 2, Civil Code of Practice) is that the mandate of this court be filed in the circuit court where the case is pending, and notice therof given the adverse party.

The question here to be determined is whether or not appellant could and did waive the filing of the mandate by failing to object to a retrial of the cause because the mandate had not been filed and the proceedings had pursuant thereto as required by the Code.

It is argued that when the former judgment of conviction was appealed from and superseded, the circuit court then lost jurisdiction of the case and could not again acquire jurisdiction until the mandate had been

filed and an order entered setting aside the former judgment and the case re-docketed for trial. We cannot accept that theory.

An appeal from a judgment when superseded only suspends the judgment during pendency of the appeal. Section 336, Criminal Code of Practice. The court having once acquired jurisdiction of the person and subject-matter, it retains such jurisdiction, subject to the suspension of the enforcement of the judgment while pending appeal, until the case is finally disposed of. 16 C. J. p. 181, sec. 246. There is no merit in the contention that the court had not jurisdiction of the case.

It is conceded that at the time of the last trial the former judgment had been reversed by this court and a new trial ordered. The only complaint is that the mandate had not been issued and filed and subsequent steps taken thereto as required by section 761 of the Civil Code of Practice. It must be conceded that it was error to retry the case before the filing of the mandate, but in the circumstances we do not think the error could have been prejudicial. Wilson v. Caughlin, 187 Ky. 221, 218 S. W. 1010. There was involved only a question of procedure, and it is the general rule, with rare exceptions, that questions of procedure may be waived either by agreement or by the failure of parties to object. However, it has been held, under section 7 of the Constitution, which provides that the ancient mode of trial by jury shall be held sacred, that one accused of a felony cannot waive the right to be tried by a jury of less than 12 members. Jackson v. Commonwealth, 221 Ky. 823, 299 S. W. 983; Branham v. Commonwealth, 209 Ky. 734, 273 S. W. 489. With this exception we find no constutional provision prohibiting an accused from waiving any rights to which he may be entitled. Frank Strassell v. Commonwealth 4 Ky. Law Rep. 618, 11 Ky. Op. 886.

In the case of Wilson v. Caughlin, supra, the procedure had in that case was the same as that in the present case. On the second trial in the circuit court the mandate of this court on the former appeal had not been filed in the circuit court and the parties proceeded without objections, and the judgment of this court was followed in the retrial. On the second appeal of the case it was argued for appellant, as in the

present case, that the court had not jurisdiction of the case because the mandate had not been filed and for that reason the judgment should be reversed. It was held that it was error to proceed with the second trial before the filing of the mandate, but the failure to object waived the filing of the mandate, and the error was not prejudicial, and citing Foster et al. v. Jordan, 54 Miss. 509; Horton v. State, 63 Neb. 34, 88 N. W. 146; Courtney v. Minneapolis, St. P. & S. S. M. R. Co., 100 Minn. 434, 111 N. W. 399; Gerard v. Gateau, 15 Ill. App. 520; Brooks v. Brooks, 16 S. C. 621; 4 C. J. 1280, 1210. See, also, 16 C. J. p. 184, sec. 256.

In Phillips v. State, 73 Tex. Cr. R. 317, 164 S. W. 1004, 1007, from a conviction of robbery, Phillips appealed to the Court of Criminal Appeals of Texas. One of the grounds relied on for reversal was that he had been previously tried and convicted for the same offense or of another offense growing out of the same acts, such as to constitute former jeopardy, but which plea he failed to interpose at the last trial, and raised the question for the first time on the appeal. The court held that by his failure to interpose his plea at the trial, although a constitutional one, he thereby waived it, and affirmed the judgment. In the course of the opinion the court said:

"It has all the time been held by this court that such defense cannot be made under the plea of not guilty, and that unless appellant properly pleads it, by sworn plea in writing, he cannot get advantage of it. It is also well established that where appellant seeks to avail himself of this defense, where the former conviction is pending on a motion for new trial, or an appeal has been taken, and it is pending on appeal, he must make a motion to continue the second case to await the disposition of the motion for new trial, or appeal, as the case may be, and, when he does not do so, he cannot take advantage under such plea to defeat a trial and conviction."

We are therefore of the opinion that the filing of the mandate could be and was waived by the appellant, and that no error prejudicial to his substantial rights was committed.

The judgment is affirmed.

Whole court sitting.