## Jackson v. Commonwealth.

(Decided November 18, 1927.)

### Appeal from Bell Circuit Court.

1. Jury.—In prosecution under Ky. Stats., section 1166, for maliciously shooting at another without wounding, trial by jury of eleven held denial of defendant's right to jury trial under Constitution, sections 7, 248.

2. Jury.—Constitution, sections 7, 248, guaranteeing ancient mode of trial by jury, held to require jury trial by twelve persons in felony case.

3. Jury.—Constitutional right of defendant, accused of felony, to trial by jury by "the ancient mode of trial by jury," under Constitution, section 7, cannot be waived.

4. Criminal Law.—In prosecution for maliciously shooting at another without wounding under Ky. Stats., section 1166, in which trial was had with jury of only eleven persons, right of defendant to claim denial of jury trial under Constitution, section 7, held not waived by defendant's failure to object to jury, or to rely on insufficiency

of jury on motion for new trial, or to present question in bill of exceptions.

5.   Criminal Law.—Where record designated, in order selecting jury, not only names of jurors, but number of persons composing jury, it was not necessary for defendant to state, in bill of exceptions, that trial was had with eleven jurors, in order to present question of number of jurors for review.

E. N. INGRAM for appellant.

F. E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant, Jesse Jackson, was indicted by the grand jury of Bell county, charged with the offense of maliciously shooting at another without wounding him, as is denounced by section 1166 of our present Statutes. At his trial in the same court, he was convicted and punished by confinement in the penitentiary for a term of two years. His motion for a new trial was overruled, and, from the judgment pronounced on the verdict, he prosecutes this appeal.

A number of grounds are relied on in the motion for a new trial, some of which are argued in the brief of defendant's counsel, but none of them are sufficiently material to require consideration by us, except one, which is: That the convicting jury consisted of only eleven persons, and therefore was not a constitutional jury for the trial of felony charges.

Section 7 of our Constitution says:

"The ancient mode of trial by jury shall be held sacred, and the right thereof remain inviolate, subject to such modifications as may be authorized by this Constitution."

The only other reference in the Constitution to the subject of juries is contained in its section 248, which, in substance, prescribes that a grand jury shall consist of twelve persons, nine of whom concurring may find an indictment, and that in civil and misdemeanor cases in inferior courts to the circuit court a jury shall consist of six persons, and that the General Assembly may provide for a majority verdict in circuit courts in the trial of *civil* actions. Nothing is contained in the latter section modifying the mandatory requirement contained in section 7

as to the sacredness of the "ancient mode of trial by jury" or as to the inviolate right of defendant to such a trial.

The character or kind of jury that was contemplated in section 7, supra, of the Constitution, universally has been held to be a jury composed of twelve persons and that a greater or less number than twelve did not constitute a jury within the contemplation of that section. The text on the subject in 16 R. C. L. 221, par. 37, says:

> "The essentials of a jury at common law are that it should be composed of twelve men, that they should be impartial, and that their verdict should be unanimous. In the common law sense a less or greater number than twelve is not a jury; and diminishing the number of jurors impairs the right of trial by jury, and the findings of any other number than twelve cannot be considered as the verdict of a jury, on which the court would be warranted in pronouncing judgment. Following the well-established rule, no legal verdict can be rendered in a criminal cause by a jury composed of more than twelve men. . . . Furthermore, the record in a felony case must show that the verdict was rendered by a jury of twelve, and the court will look into the record, and, if error appears in this respect, will reverse the judgment. . . . A jury of twelve men being the only legally constituted tribunal for the trial of an indictment for a felony, it necessarily follows that the court or judge is not such tribunal, and that, in the absence of a jury, he has by law no jurisdiction."

A long list of cases in notes to that text confirms the firmly established doctrine contained therein, and in a number of cases from this court, two of which are Wendling v. Commonwealth, 143 Ky. 587, 137 S. W. 205, and Branham v. Commonwealth, 209 Ky. 734, 273 S. W. 489, the definitions of the text as applicable to felony trials were approved. See also, the text in 35 C. J., p. 200, par. 107.

In the Wendling opinion, after referring to standard text-writers on the subject and opinions of courts, we thus expressed our conclusions on that point:

> "We therefore conclude that when a person is put upon his trial in a court presided over by a judge who directs the proceedings and before a jury

composed of twelve men, and they all agree upon the
verdict, the accused has had a trial by a jury accord-
ing to the ancient mode, and cannot complain that
any constitutional right has been denied him merely
because the qualifications of the jurors or the manner
of their selection differs from what it was at
common law or is changed from time to time to make
the system more efficient.''

And in the Branham opinion we said on the same
subject:

''The ancient mode of trial by jury, the right
to which is guaranteed one charged with crime by
the section, supra, is a trial by jury according to the
forms and requirements of the common law; the
essential features of which were and are that he be
put upon his trial in a court of justice, presided over
by a judge, and that he be tried by a jury of the
vicinage composed of twelve men, all of whom must
agree upon a verdict.''

In that opinion, after reference to other authorities,
and to section 248 of the Constitution, and section
2268 of our Statutes, the ultimate conclusion was
expressed:

''The three sections (7 and 248 of the Consti-
tution and 2252 of the Statutes) concur, however,
in the requirement that a petit jury in the circuit
court shall consist of twelve persons, and together
with section 7 (Bill of Rights) of the Constitution,
preserved to any and all persons charged with felony
the 'ancient mode of trial by jury.' ''

The requirements, therefore, that a jury for the trial
of felony charges shall consist of twelve persons in order
to comply with ''the ancient mode of trial by jury'' is
undeniably the law of the land, and a jury composed of
a less or greater number than twelve persons does not
fulfill the constitutional requirement, and, as held by a
number of courts, is no jury at all.

But it is insisted by the commonwealth that the ap-
pellant cannot rely on the fact that he was tried by a jury
consisting of eleven persons only, for the two reasons
(a) that he did not object at the time the jury was made
up, nor did he rely on that fact in his motion for a new
trial; and (b) that he did not present the question in his

bill of exceptions. The general rule is that the defendant cannot waive his right to "the ancient mode of trial by jury" as guaranteed by the Constitution, but some few courts hold that it may be done with the joint consent of the defendant and the sovereignty in which he is tried, and some courts add that, even where such consent is obtained, it must also receive the approval of the court. See 16 R. C. L. 219, par. 36, and the reference to Corpus Juris, supra. But this court in the Wendling and Branham cases, supra, as well as others referred to therein, has committed itself to the doctrine as approved by a great majority of other courts, that defendant cannot waive his constitutional right of trial by "the ancient mode of trial by jury" under felony charges. In the Branham case defendant agreed to be tried by seven jurors, to which the commonwealth's attorney consented, and it was necessarily approved by the court. But, notwithstanding such consent, agreement, and approval, we said in that opinion:

"The mandatory meaning and effect of the inhibition of the statute (section 2252) forbidding any agreement between the parties to a prosecution for felony that the accused be tried by a jury composed of a less number of persons than twelve, cannot be destroyed or waived by such an agreement. The inhibition, however, does not exclude the making or carrying out of such an agreement by the parties to a civil action, or prosecution for a misdemeanor."

If, therefore, defendant may not expressly waive his rights to a trial by a jury composed of twelve persons, it necessarily follows that he may not do so indirectly by failing to object to a jury composed of a less or a greater number, and it is our conclusion that reason (a) cannot prevail.

Upon the same grounds it would also appear that reason (b) is without merit. But, in addition thereto, we held in the case of Tull v. Commonwealth, 187 Ky. 413, 219 S. W. 409, that the office of a bill of exceptions was to bring to the appellate court for review such parts of the proceedings at the trial as are not required by the rules of practice to be enrolled on the order book or record of the court, and that, if the matters complained of were such as under the practice were required to be enrolled on the order book of the court, this court would take cognizance thereof without a bill of exceptions, and

a number of cases from this court adhering to that rule of practice are referred to in that opinion. The holding thereof was also adopted in the Branham case. The record in this case conformed to the correct practice by designating in the order selecting the jury, not only the names of the jurors, but also the number of persons composing the jury, which was only eleven. It was unnecessary, therefore, for defendant, in order to apprise this court of that fact that it should be incorporated in his bill of exceptions. Moreover, as will be seen from the excerpt, supra, from R. C. L.:

> "The record in a felony case must show that the verdict was rendered by a jury of twelve, and the court will look into the record, and, if error appears in this respect, will reverse the judgment."

The record in this case, as we have seen, expressly shows that defendant was tried by a jury composed of only eleven persons, which is not such one as is guaranteed by section 7 of our Constitution, and, since he may not waive his right thereto, it follows that the judgment is erroneous, and for that reason it is reversed, with directions to grant the new trial and for proceedings consistent herewith.