**S. M. KING, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 28, 1955.

Thomas F. Manby, Clark & Manby, La Grange, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., Clarence E. Tyree, Commonwealth's Atty., Beattyville, for appellee.

WADDILL, Commissioner.

The question raised by this appeal is whether or not the appellant was entitled to advice of counsel when he entered a plea of guilty, waived a jury and agreed with the Commonwealth's Attorney that the court could fix his punishment within the minimum and maximum limits prescribed by law. The Attorney General concedes that the record does not show that appellant had advice of counsel as required by Section 258 of our Criminal Code of Practice.

Appellant was indicted by the Estill County Grand Jury for the offense of unlawfully carrying concealed a deadly weapon. KRS 435.230. When the case came on for trial the court entered an order which reads in part:

"This cause came on for trial, and both sides agreed to submit the cause to the Court without the intervention

**708**

of a jury, and thereupon the defendant in person entered a plea of guilty to the charge in the indictment, and the Court being sufficiently advised fixes his punishment at two years in the state penitentiary."

Thereafter the court entered judgment sentencing the appellant to two years in prison.

Section 258 of the Criminal Code of Practice and KRS 431.130 designate the manner in which punishment for crime may be inflicted. Both of these sections were amended by Acts of the General Assembly which became effective in 1952. Section 258 of the Criminal Code of Practice now reads:

"In verdicts of 'guilty,' or a plea of guilty, 'for the Commonwealth,' by agreement of the Commonwealth's Attorney and the defendant, with advice of an attorney, the court may, within its discretion, and without the intervention of a jury, fix the degree of punishment to be inflicted within the minimum or maximum punishment prescribed by law, except where the offense is punishable by death. In the absence of such agreement and in all cases where the offense is punishable by death, the jury shall fix the degree of punishment, unless the same be fixed by law."

The foregoing section discloses that the court may, without intervention of the jury, when certain conditions precedent are met, accept a plea of guilty from the accused and fix his punishment within the limits prescribed by law. However, it is equally certain that the defendant's assent to such an arrangement must be with advice of counsel.

Aside from the various contentions which are urged concerning the denial of appellant's constitutional right of counsel at all stages of the prosecution, we have decided to reverse the judgment because it does not appear that appellant acted with advice of counsel which is a condition specifically required by Section 258 of our Criminal Code of Practice.

Judgment reversed.