**Joseph M. ALLISON, Appellant,**

v.

**Dan GRAY, Warden, Kentucky State Reformatory, Appellee.**

Court of Appeals of Kentucky.

Dec. 14, 1956.

Joseph M. Allison, pro se.

Jo M. Ferguson, Atty. Gen., Earle V. Powell, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

The appellant, Joseph M. Allison, a prisoner in the LaGrange Reformatory, petitioned the Oldham Circuit Court for a writ of habeas corpus and release from custody. He alleged that the judgment of the Jefferson Circuit Court, under which he is confined, is void because "no statutory jury of twelve persons was impaneled," hence, that the court had no jurisdiction to pass sentence upon him. He further charged that he was thereby deprived of "equal protection" and due process of law under § 11, Kentucky Constitution, and the Fourteenth Amendment to the United States Constitution. The circuit court denied the writ. Allison's petition and his brief are signed by him personally, and, insofar as the papers prima facie reveal, he is not represented by an attorney. We have had a number of cases like this purporting to be practiced personally but which undoubtedly are being prepared by some other prisoner who has some knowledge of law.

The judgment recites that at a court held on March 24, 1954, "The defendant in person and by counsel withdrew his former plea of not guilty and now pleads that he is guilty of assault with a deadly weapon with intent to rob as included in the indictment. To fix his punishment comes a jury as follows, to-wit: Pat S. Kirwan, Jack B. Blair, Alma Kavanaugh, Russell Hale, R. N. McCaslin, A. M. McGuffin, James C. Huffaker, J. A. Morgan, Chesley Wheeler, R. P. Young, W. H. Cruse, R. N. Patrick, who were duly selected and sworn herein according to law."

The judgment recites that the jury was instructed and returned a verdict, copied therein, that the defendant was found guilty of assault with intent to rob and his punishment fixed at confinement in the penitentiary for a term of twenty-one years. The order states that the defendant having shown no cause why he should not be sentenced, he was ordered taken to prison in accordance with the judgment.

With his petition for habeas corpus, the petitioner filed the affidavits of R. P. Young and A. M. McGuffin, each of whom deposed that he had been summoned to appear in the Jefferson Circuit Court on March 24, 1954, for service as a juror, but was not selected to try this case and that he did not hear

the case or agree to the judgment rendered therein. It is to be observed these two men are named in the judgment as jurors.

 The respondent, warden of the reformatory, filed a motion to dismiss the complaint on the ground that it is a collateral attack on the judgment and that it is not void. The statements of the two affiants are not contradicted nor is there any explanation of the recitation in the judgment that they were members of the jury. The judgment is evidence of its own legality as well as the legality of the appellant's commitment to prison in accordance therewith. It was not required that the names of the jurors be stated in the judgment, and since it shows that there was a constitutional jury of twelve persons, we would ordinarily accept that recitation as correct. Bowling v. Commonwealth, 230 Ky. 387, 19 S.W.2d 1086. But here we have the undenied and unexplained statements that two of the listed jurors did not serve on the jury. Perhaps there was a clerical error and these men were listed instead of two others who did serve. This, of course, is but an assumption based on the verity ascribable to a judicial record. However that may be, we proceed to decide the case upon the appellant's contention that there were only ten jurors.

 The Constitution maintains the right of a person accused of crime in the circuit court to be tried according to "the ancient mode of trial by jury." This means a jury of twelve persons. The protection of the right is so secure that one accused of a felony may not waive it. Branham v. Commonwealth, 209 Ky. 734, 273 S.W. 489, 490; Jackson v. Commonwealth, 221 Ky. 823, 299 S.W. 983. The present statute bars an agreement upon a jury of less than twelve in a felony case. KRS 29.015. However, the guarantee and the safeguard of the constitutional right to be tried by a jury of twelve persons applies only to a trial of the issue of guilt or innocence under a plea of not guilty. It does not apply or extend to the fixing of the penalty since

that function was no part of the common law mode of trial. Lee v. Buchanan, Ky., 264 S.W.2d 661. The defendant's plea of guilty was a judicial confession of guilt of the crime charged, or, as is reflected in the judgment, of a degree thereof. The statute, KRS 431.130, provides that where such a plea is entered and the defendant is represented by counsel "the court may, within its discretion, and without the intervention of a jury, fix the degree of punishment within the periods or amounts prescribed by law, except in cases involving an offense punishable by death." This procedure is recognized as legal and not to be an invasion of any constitutional right. Ward v. Hurst, 300 Ky. 464, 189 S.W.2d 594; Parsley v. Commonwealth, Ky., 272 S.W.2d 326. The present judgment shows the accused was represented by counsel and that he received the minimum punishment for the crime of which he pleaded guilty. KRS 433.150. If, in fact, the penalty was fixed by ten jurors, the judge accepted it. The judgment is valid. The petition for habeas corpus was, therefore, properly denied.

Judgment affirmed.