**Joseph M. ALLISON, Appellant,**

v.

**Dan GRAY, Warden, Kentucky State Reformatory, Appellee.**

No. 13490.

United States Court of Appeals
Sixth Circuit.

June 4, 1958.

No appearance for appellant.

Jo M. Ferguson, Earl V. Powell, Frankfort, Ky., for appellee.

Before MARTIN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

Appellant was sentenced in the Jefferson Circuit Court of Kentucky on his plea of guilty to an indictment charging armed assault with intent to rob. KRS 433.150. The statutory penalty for the offense is 21 years, or for life, or by death. A jury returned a verdict of guilty on the basis of his plea and fixed his punishment at confinement for a term of 21 years. The Court entered a judgment of confinement for a term of 21 years.

■ Appellant filed this habeas corpus proceeding in the District Court alleging that his confinement in the Kentucky State Reformatory under the state court judgment was in violation of Section 11 of the Kentucky Constitution guaranteeing right of trial by jury, and the Fourteenth Amendment to the United States Constitution. He contends that the state court judgment is void (1) because a jury of only 10 members instead of 12 returned a verdict of guilty and fixed his punishment contrary to KRS 29.015, which provides for a 12 man jury in felony cases, and (2) because KRS 431.130 requires that for an offense punishable by death the punishment shall be fixed by the jury and not by the court. The District Judge dismissed the petition.

These same contentions have been previously made in a habeas corpus proceeding in the Circuit Court of Kentucky where they were rejected, which ruling was affirmed by the Kentucky Court of Appeals. Allison v. Gray, Ky., 296 S.W. 2d 735, certiorari denied 353 U.S. 914, 77 S.Ct. 673, 1 L.Ed.2d 668. That Court held that the right of trial by jury guaranteed by the Kentucky Constitution did not include a trial by jury when the defendant entered a plea of guilty, and that under Section 258, Criminal Code of Practice of Kentucky, it was not necessary that a jury fix the sentence if the sentence imposed by the court was the minimum sentence provided by the statute, as in the present case. See, also, Parsley v. Commonwealth, Ky., 272 S.W. 2d 326; Holt v. Commonwealth, Ky., 310 S.W.2d 40, 42. We accept the Kentucky Court of Appeals construction of its state's constitution and statutes and agree with its ruling and the ruling of the District Judge that appellant has not been deprived of any constitutional rights under the Fourteenth Amendment to the United States Constitution. Brown v. Allen, 344 U.S. 443, 458, 73 S.Ct. 397, 97 L.Ed. 469.

The judgment of the District Court is affirmed.