**Russell TACKETT, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 23, 1959.

Sanders & Redwine, Pikeville, for appellant.

Jo M. Ferguson, Atty. Gen., William L. Brooks, Asst. Atty. Gen., for appellee.

MONTGOMERY, Chief Justice.

Russell Tackett was indicted for child desertion. KRS 435.240. He received a sentence of two years' confinement in the state reformatory. He urges that the evidence is insufficient to sustain the conviction. Inasmuch as the record reveals a reversible error, of which the Court must take cognizance, the ground urged for reversal will not be considered.

Appellant waived arraignment and entered a plea of not guilty. The record shows that " * * * the defendant * * * waived trial by jury; and by agreement of the parties, the evidence was introduced to the Court, * * *."

Kentucky Constitution Section 7 provides:

"The ancient mode of trial by jury shall be held sacred, and the right thereof remain inviolate, subject to such modifications as may be authorized by this Constitution."

There is no pertinent modification.

This constitutional right cannot be waived in a felony case. McPerkin v. Commonwealth, 236 Ky. 528, 33 S.W.2d 622. In that case, the defendant moved that the right to trial by jury be waived and that he be tried by the court. This Court held that the overruling of his motion was not prejudicial error and that the right to trial by jury could not be waived.

An agreement to be tried by a jury composed of less than twelve persons has been held to be a violation of the constitu-

tional right of trial by jury. KRS 29.015; Jackson v. Commonwealth, 221 Ky. 823, 299 S.W. 983; Branham v. Commonwealth, 209 Ky. 734, 273 S.W. 489. In those two cases, the defendant, by agreement, was tried by a jury composed of less than twelve persons; eleven and seven, respectively. The rule is limited to a trial on the issue of guilt. Allison v. Gray, Ky., 296 S.W.2d 735, certiorari denied, 353 U.S. 914, 77 S.Ct. 673, 1 L.Ed.2d 668. The degree of punishment may be fixed by the court without the intervention of a jury by agreement of the Commonwealth's attorney and the defendant, with advice of an attorney, except in cases where the offense is punishable by death. Criminal Code of Practice, § 258; KRS 431.130; King v. Commonwealth, Ky., 283 S.W.2d 707; Parsley v. Commonwealth, Ky., 272 S.W.2d 326.

The parties to this prosecution may have been misled by the obiter dictum in Holt v. Commonwealth, Ky., 310 S.W.2d 40, 42, wherein it is said:

"Section 258 of the Criminal Code of Practice was amended in 1952 so as to authorize a defendant to waive not only the right to have a jury determine the question of guilt or innocence, but to authorize the court, upon agreement of the defendant 'with advice of an attorney' to fix the punishment except where the offense is punishable by death."

The Holt case involved a waiver following a plea of guilty. The latter part of the quoted statement is correct, but this Court is not bound by the first part of the statement authorizing a defendant to waive the right to a jury trial on the issue of guilt or innocence.

 The error arising from the waiver is apparent from the record. No such objection was made or preserved at the trial, and it is not argued in the brief. The rule is that the record in a felony case must show that the verdict as to guilt or innocence was rendered by a jury of twelve, and the Court will look into the record and

if error appears in this respect will reverse the judgment. Jackson v. Commonwealth, 221 Ky. 823, 299 S.W. 983; and Branham v. Commonwealth, 209 Ky. 734, 273 S.W. 489.

Judgment reversed with direction to grant a new trial.