James Keith RAYMER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Jan. 19, 1973.

G. D. Milliken, Jr., Milliken & Milliken, Bowling Green, for appellant.

Ed W. Hancock, Atty. Gen., James M. Ringo, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Justice.

Appellant James Keith Raymer was charged in a proceeding in the Hardin Quarterly Court with contributing to the delinquency of a minor.[1] The court found him guilty and fixed his punishment at 12 months' imprisonment in the Hardin County jail and a fine of $500. Judgment was entered on that verdict, from which Raymer timely appealed to the Hardin Circuit Court.

On October 5, 1971, after plea bargaining, Raymer entered a plea of guilty in the circuit court, whereupon the court fixed his punishment at 6 months' imprisonment in the county jail and a fine of $500. A lawyer moved that the jail sentence be suspended and that Raymer be placed on probation. On January 7, 1972, Raymer paid his fine and the trial court, after having received a report from the probation officer, overruled the motion for probation. Counsel immediately moved for permission to withdraw Raymer's plea of guilty and to set the case for trial claiming that the guilty plea was not voluntary. This motion was overruled, whereupon counsel timely filed a motion and grounds for a new trial. After hearing evidence and arguments on that motion, the court overruled it.

Raymer has moved for an appeal, which we grant. He claims that he advised his lawyer and the county attorney that he was not guilty and that he agreed to change his plea from not guilty to guilty only on the assurances of both his attorney and the county attorney that he would be fined $500 and given 6 months in jail but that the jail sentence would be probated.

Raymer contended in the trial court and here insists that he was not guilty. RCr 8.08 provides in pertinent part, with respect to guilty pleas, that the court "* * * shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge." The court record does not indicate that the court made such determination. In Lucas v. Commonwealth, Ky., 465 S.W.2d 267 (1971), we wrote:

> "Trial judges are reminded of the vital importance of RCr 8.08 in the matter of accepting guilty pleas. (Citing cases). Compliance with RCr 8.08 will fulfill the dual purpose of having a judicial determination that the guilty plea is made voluntarily and understandably and provides an appropriate court record demonstrating those important facts."

That admonition is repeated and reemphasized. See our discussion in Caldwell v. Commonwealth, Ky. (decided November 17, 1972). The importance of such questioning and a record thereof was demonstrated by our decisions in Cox v. Commonwealth, Ky., 465 S.W.2d 76 (1971), and in Lewis v. Commonwealth, Ky., 472 S.W.2d 65 (1971). Also see Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

In Wood v. Commonwealth, Ky., 469 S.W.2d 765, we said that "If there is any rule of criminal procedure that is settled and fundamental, it is that a plea

---

1. Enticing a 17-year-old boy to steal 50 phonograph records and a brief case from a store.

of guilty must be 'voluntary'. RCr 8.08." Because of the absence of a record showing compliance with RCr 8.08 and the prompt assertion by Raymer that he was not guilty, it is our opinion that he should have been permitted to withdraw his guilty plea.

The judgment is reversed and this case is remanded for further proceedings consistent with this opinion.

PALMORE, C. J., and MILLIKEN, REED and STEPHENSON, JJ., concur.