Carter Mitchell **SHORT**, Appellant,

v.

**COMMONWEALTH of Kentucky,** Appellee.

Court of Appeals of Kentucky.

Feb. 7, 1975.

Anthony M. Wilhoit, Public Defender, Timothy T. Riddell, Asst. Public Defender, Frankfort, for appellant.

Ed Hancock, Atty. Gen., Miles H. Franklin, Asst. Atty. Gen., Frankfort, for appellee.

CATINNA, Commissioner.

Carter Mitchell Short appeals from a judgment entered after a trial before the Fayette Circuit Court, without the intervention of a jury, by which he was found guilty of housebreaking and robbery and his punishment fixed at two years' imprisonment on each count. Short asserts that reversible error was committed in that (1) upon his plea of not guilty he could not waive his right to a jury trial because this would violate Section 7 of the Constitution of the Commonwealth; (2) he was not competent to knowingly and intelligently waive a jury trial; (3) the trial court should not have admitted a confession that had been procured without a prior waiver of his Miranda rights; (4) the confession had been procured under circumstances that made it totally untrustworthy; and (5) he should have been found not guilty by reason of diminished capacity.

On December 2, 1973, Short, along with three companions, went to the home of Mrs. Willie Lawson intending to take her Mustang automobile. When they determined that Mrs. Lawson was not there, they broke in and ransacked the house.

When Mrs. Lawson returned, the intruders overpowered her and bound her with a rope. Money was removed from her purse and a watch and ring were taken. The four men then took the Lawson car and drove it to northern Kentucky. Mrs. Lawson recognized Short as one of the intruders. When Short returned to Lexington, he was arrested. While in custody, Short signed a written confession that had been prepared by Lt. Arnett of the Lexington Metropolitan Police Department.

Short entered a plea of not guilty and prior to trial filed a motion requesting an order allowing him to waive his right to trial by jury. In open court Short and his attorney again requested the trial court to try the case without a jury; the Commonwealth also agreed to trial without a jury. By agreement of all parties concerned, the court tried Short without the invervention of a jury and found him guilty of housebreaking and robbery.

Short asserts that the right to a jury trial guaranteed by Section 7 of the Kentucky Constitution is inviolate and cannot be waived; therefore, the trial court erred in granting his motion for a trial without a jury. Following this argument to its logical conclusion would establish the rule that under no circumstances could the accused waive a jury trial in a criminal proceeding, whether he be charged with a felony or misdemeanor, for such was the common law of England prior to March 24, 1607. Cf. Kentucky Constitution, Section 233; Aetna Insurance Company v. Commonwealth, 106 Ky. 864, 51 S.W. 624 (1899).

Section 7 of the Kentucky Constitution provides:

"The ancient mode of trial by jury shall be held sacred, and the right thereof remain inviolate, subject to such modifications as may be authorized by this constitution."

The only modification of this right to be found in the Constitution is the provision of Section 248 which authorizes a six-man jury in all civil and misdemeanor cases in courts inferior to the circuit courts.

In Wendling v. Commonwealth, 143 Ky. 587, 137 S.W. 205, (1911), we said:

"* * * when we wish to ascertain what is meant by the right of a trial by a jury as expressed in the Constitution, we turn for information to the common law, where the right originated and from whence it came to us. In looking to this source for information, we find it laid down in 3 Blackstone's Commentaries, p. 350 et seq., and in 1 Hale's Pleas of the Crown, p. 33, that the essential features of a trial by a jury were the right of an accused in a criminal or penal case to demand, when put upon his trial in a court of justice presided over by a judge, that he be tried by a jury of 12 men, and that all of them should agree upon the verdict. These were the fundamental principles intended to be, and that have been, preserved inviolate."

Although we have held that the constitutional right to a jury trial cannot be waived in felony cases, an aura of uncertainty pervades the soundness of our reasoning. In fact, we have never been required to meet "head on" the claim that an accused in a felony case may waive his right to a jury trial and have the question of his guilt or innocence submitted to the court. A majority of our cases that have been cited as authority for the proposition that an accused may not waive a jury trial concern not the jury in its entirety but other facets of a jury trial. We have held that an accused may not agree to a trial by a jury composed of less than the constitutionally required 12 members. Branham v. Commonwealth, 209 Ky. 734, 273 S.W. 489 (1925), seven jurors; Jackson v. Commonwealth, 221 Ky. 823, 299 S.W. 983 (1927), eleven jurors; Allison v. Gray, Ky., 296 S.W.2d 735 (1956).

In McPerkin v. Commonwealth, 236 Ky. 528, 33 S.W.2d 622 (1931), and Hayes v. Commonwealth, Ky., 470 S.W.2d 601

(1971), we examined the "other side of the coin" and held that there was nothing in the Kentucky Constitution which granted an accused the unqualified right to be tried by a judge without the intervention of a jury. Two of our more recent cases say that the constitutional right to a jury trial cannot be waived in a felony case; however, in neither case was the right to waive an issue before the court.

The only issue on appeal in Tackett v. Commonwealth, Ky., 320 S.W.2d 299 (1959), concerned the sufficiency of the evidence. The record disclosed that Tackett had waived trial by jury. However, the constitutionality of this waiver was not put in issue by the parties. The court, having concluded that this question required consideration, held that the right to a jury trial as guaranteed by Kentucky Constitution Section 7 could not be waived in a felony case.

Meyer v. Commonwealth, Ky., 472 S.W.2d 479 (1971), questioned, among other grounds, the manner of selecting a jury to try a capital offense. No effort was made to waive a jury trial or agree to a trial by a jury of less than 12 members. In discussing the rights of an accused in a murder trial, the opinion stated:

"Of course, the Commonwealth may waive its right to demand the death penalty. The defendant may not waive jury trial when he enters a plea of not guilty."

The common-law doctrine that an accused could not waive a jury trial arose in those days when the accused could not testify in his own behalf, was not allowed counsel, and was punished, if convicted, by the death penalty or some other grievous punishment out of all proportion to the gravity of his crime. Our present system of criminal justice has, to a great extent, eliminated the harshness of the common-law system. Constitutional protection of the rights of an accused is now so extensive that the prohibition against waiver is no longer essential.

The rationale of the doctrine that an accused could waive nothing is one of the primary concepts of our Bill of Rights. However, as our present system of criminal jurisprudence has evolved, the strict prohibition against any type of waiver has been modified to the extent that an accused may by his own act waive the protective aspects of an otherwise guaranteed constitutional right. We have recognized the right of an accused to waive a jury by pleading guilty. Lee v. Buchanan, Ky., 264 S.W.2d 661 (1954); Allison v. Gray, Ky., 296 S.W.2d 735 (1956). It is well established that a jury trial may be waived in a misdemeanor case. Ashton v. Commonwealth, Ky., 405 S.W.2d 562 (1966). An accused may also waive his right to freedom from self-incrimination, Kentucky Constitution Section 11, Jasper v. Commonwealth, Ky., 471 S.W.2d 7 (1971); his right against unreasonable search and seizure, Kentucky Constitution Section 10, Fugate v. Commonwealth, 294 Ky. 410, 171 S.W.2d 1020 (1943), Hall v. Commonwealth, Ky., 261 S.W.2d 677 (1953); his right to counsel, Kentucky Constitution Section 11, Carson v. Commonwealth, Ky., 382 S.W.2d 85 (1964); and in misdemeanor cases, the right to a unanimous verdict by the jury, Ashton v. Commonwealth, Ky., 405 S.W.2d 562 (1966).

An examination of the rule in those jurisdictions having a constitutionally guaranteed right to a jury trial similar to that of the Kentucky Constitution discloses that a majority of them now allow an accused to waive a jury trial on the question of guilt or innocence. Cf. Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930); Adams v. United States, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 1735 (1942). A footnote to Justice Marshall's dissenting opinion in Chaffin v. Stynchcombe, 412 U.S. 17, 45, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973), recites that of the states with jury sentencing Kentucky is apparently the only one that does not permit a waiver of the right to a jury trial on a plea of not guilty. We have concluded

that current constitutional safeguards are so comprehensive that there remains no further necessity for the rule that an accused may not waive a jury trial. We have long held that an accused in a misdemeanor case could waive a jury trial; agree to a trial by a jury composed of less than the 12-member common-law jury required by the Constitution; and agree that the jury verdict need not be unanimous. In Ashton v. Commonwealth, Ky., 405 S. W.2d 562 (1966), we held that an agreement allowing other than a unanimous verdict in a misdemeanor case did not encroach upon the constitutional rights of the accused. In so holding, we reasoned:

"We think the time has come to abandon the romantic aspects of the ancient mode of trial by jury and consider the matter pragmatically. No one questions the right of a defendant in a criminal case to invoke the protection of any or all of his constitutional rights. On the other hand, we can find no sound reason to deny him the right of waiving procedural requirements which exist principally for his benefit. We have recognized that he can waive a jury completely by pleading guilty. He can waive the right to counsel, the right to freedom from self-incrimination, the right to have excluded evidence obtained by unreasonable search or seizure, and at least in misdemeanor cases, the right to a 12-man jury. On what logical basis is unanimity a more sacred right?

"It is true this Court has heretofore adhered to the theory that in a *felony case* the defendant cannot waive a 12-man jury. Branham v. Commonwealth, 209 Ky. 734, 274 S.W. 489; Tackett v. Commonwealth, Ky., 320 S.W.2d 299. A serious question may be raised as to whether a valid distinction can be made between the waiver of defendant's rights in felony cases on the one hand and misdemeanors on the other. See Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854; Waiver of Trial Jury in Felony Cases in Kentucky, 48 Ky.L.Jour-

nal 457. We do not have that question here and will not re-examine it.

"It is our conviction that at least in misdemeanor cases the defendant may waive not only a 12-man jury but unanimity of the jurors in reaching their verdict, provided always that such waiver agreement is entered into *understandingly* and *voluntarily*, and provided of course the Commonwealth agrees and the trial court approves. Since no suggestion is made that the defendant in this case did not understandingly and voluntarily enter into the agreement to accept a majority verdict (and our solicitude for the rights of the defendant can be maintained by careful scrutiny of these two conditions), he was bound by his agreement. We find no error here."

There is no reason for the continued distinction between the rights of the accused charged with a misdemeanor and the accused charged with a felony. Both of them enjoy equal constitutional protection under Section 7 of our Constitution. The Supreme Court said in Patton v. United States, 281 U.S. 276, 309, 50 S.Ct. 253, 262, 74 L.Ed. 854 (1930):

"* * * We are unable to find in the decisions any convincing ground for holding that a waiver is effective in misdemeanor cases, but not effective in the case of felonies. * * *."

This court is of the opinion that there is nothing in the Kentucky Constitution which denies an accused the right to waive a jury trial. The reasoning and guidelines of Ashton v. Commonwealth, supra, shall hereafter govern the waiver of a jury trial in felony cases. The prerequisites of a valid waiver, as set out in Patton v. United States, supra, at page 312, 50 S.Ct. at page 263, are:

"In affirming the power of the defendant in any criminal case to waive a trial by a constitutional jury and submit to trial by a jury of less than twelve persons, or by the court, we do not mean

to hold that the waiver must be put into effect at all events. That perhaps sufficiently appears already. Trial by jury is the normal and, with occasional exceptions, the preferable mode of disposing of issues of fact in criminal cases above the grade of petty offenses. In such cases the value and appropriateness of jury trial have been established by long experience, and are not now to be denied. Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant. And the duty of the trial court in that regard is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from that mode of trial or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity."

Branham v. Commonwealth, 209 Ky. 734, 273 S.W. 489 (1925); Jackson v. Commonwealth, 221 Ky. 823, 299 S.W. 983 (1927); Allison v. Gray, Ky., 296 S.W.2d 735 (1956); Tackett v. Commonwealth, Ky., 320 S.W.2d 299 (1959); Meyer v. Commonwealth, Ky., 472 S.W.2d 479 (1971); and all other cases holding that an accused may not waive a jury trial in felony cases or agree to a trial by a jury of less than 12 members are hereby overruled.

■■ In determining whether a waiver of a jury trial is made understandingly, intelligently, competently, and voluntarily, the court must apply the same standards that are required on the acceptance of a guilty plea. The record made at the hearing preceding the acceptance of a waiver by the court must affirmatively set out facts which will permit an independent determination of its validity. Cf. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); Raymer v. Commonwealth, Ky., 489 S.W.2d 831 (1973); Lucas v. Commonwealth, Ky., 465 S.W.2d 267 (1971); Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930).

■ The totality of the evidence before the trial court discloses that Short was competent to stand trial and participate in his defense. This being so, it would be anomalous to say he could not waive a jury trial or his Miranda rights. (Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.) Finally, there is no merit in the other errors asserted by Short.

The judgment is affirmed.

All concur.