**COMMONWEALTH OF KENTUCKY,**
Appellant,

v.

**Hon. James GREEN, *Judge*, Jefferson District Court, Appellee,**

and

**Damon Richard Clayton; and Donald Wayne Davis, Real Parties in Interest.**

No. 2004–SC–000534–DG.

Supreme Court of Kentucky.

June 15, 2006.

Gregory D. Stumbo, Attorney General, Paul W. Richwalsky, Jr., Assistant Jefferson County Attorney, Jefferson County

Attorney's Office, Christopher A. Melton, Assistant Jefferson County Attorney, Jefferson County Attorney's Office, Louisville, Counsel for Appellant.

Hon. James Green, Judge, Jefferson District Court, Louisville, for Appellee.

John H. Harralson, III, Louisville, Counsel for Real Party in Interest, Donald Wayne Davis.

Wallace N. Rogers, Mulhall, Turner, Hoffman & Coombs, Louisville, Counsel for Real Party in Interest, Damon Richard Clayton.

ROACH, Justice.

The Commonwealth appeals the denial of its petition for a writ of prohibition against the Honorable James Green, a Jefferson County District Judge.[1] The Commonwealth sought the writ after the District Court granted motions by Davis and Clayton,[2] over the Commonwealth's objection, for bench trials of various misdemeanor traffic violations, including, for both men, first-offense driving under the influence (DUI). At issue is the scope of the Commonwealth's right to demand that such cases be tried by a jury under RCr 9.26(1). The Jefferson Circuit Court de-

nied the Commonwealth's request for a writ and the Court of Appeals affirmed. We granted the Commonwealth's Motion for Discretionary Review and now reverse the Court of Appeals.

## I. Background

The underlying facts in this case are not in dispute. Davis was stopped on the evening of August 28, 2002 after he was observed running two stop signs. He admitted to having consumed alcohol, and a breath test determined that his blood alcohol content was 0.091, which exceeded the legal limit. Davis was arrested and charged with first-offense DUI and two counts of disregarding a stop sign.

On September 3, 2002, the district court held a pretrial conference, during which the case was scheduled for a jury trial to be held on November 27, 2002. On November 19, 2002, Davis's counsel advanced the case and made a motion for a bench trial. The Commonwealth refused to consent to Davis's waiver of his right to a jury trial, citing RCr 9.26(1) in its objection, and moved for a jury trial, noting that the parties had previously agreed on this point during the pre-trial conference.[3] Despite

---

1. Although Green was a presiding judge of the Jefferson District Court when this case originated, he no longer serves in that capacity.

2. Clayton, designated a Real Party in Interest, neither appeared nor filed a brief before either this Court or the Court of Appeals. As such, this opinion addresses only those arguments raised and addressed by Davis, the second designated Real Party in Interest.

3. In reality, the existence of any explicit agreement between the parties as to whether the trial would be tried to the bench or to a jury is not apparent from the record. That being said, the Commonwealth implies that the parties agreed to a jury trial at the pretrial conference and Davis does not specifically dispute this point. Although not addressed

in his brief, at oral argument Davis's counsel stated:

> One point that the Commonwealth made regarding our demanding of a jury trial. At the arraignment, I think a trial was asked for. I don't know if we specifically asked for a jury trial or not. It "went down" as a jury trial. It could have been just a motion for a trial date. We don't have the transcript, but, you know, at the arraignment trial dates can be made, but strategy changes later.

At the very least, Davis acknowledged that the case was initially set for a jury trial without objection from his counsel. At most, his comment that "strategy changes later" implies that, at least initially, he intended to try the case before a jury.

the Commonwealth's objection, the district court granted Davis's motion and the case was set for a bench trial on January 15, 2003.

On January 13, 2003, the Commonwealth sought a writ of prohibition and mandamus from the Jefferson Circuit Court prohibiting the district court from proceeding with the bench trial as scheduled. The Commonwealth argued that, pursuant to RCr 9.26(1), its consent was required before the district court could order a bench trial. Davis argued that RCr 9.26(1) was inapplicable because first-offense DUI is a petty offense and is not "required to be tried by a jury." After a hearing, the circuit court denied the Commonwealth's request for a writ, holding that RCr 9.26(1) was inapplicable to cases of this type, that is, a misdemeanor case not charged by indictment or information. The circuit court also noted that the Commonwealth had not shown any evidence of "irreparable injury" as a prerequisite for issuance of a writ.

The Commonwealth appealed the circuit court's denial of the writ to the Court of Appeals which held that, as a petty offense, DUI was not "required to be tried by a jury for purposes of RCr 9.26(1), and the Commonwealth's consent is not required for a bench trial to be conducted." We granted the Commonwealth's motion for discretionary review.

## II. Analysis

### A. Prerequisites for the Issuance of an Extraordinary Writ

■■■ Because this is a writ case, we must first determine whether the Commonwealth satisfied the prerequisites for this extraordinary remedy. "We have divided writ cases into 'two classes,' which are distinguished by 'whether the inferior court allegedly is (1) acting without jurisdiction (which includes 'beyond its jurisdiction'), or (2) acting erroneously within its

jurisdiction.'" *Indep. Order of Foresters v. Chauvin*, 175 S.W.3d 610, 613 (Ky.2005) (quoting *Bender v. Eaton*, 343 S.W.2d 799, 801 (Ky.1961)). Here, there is no allegation that the district court acted outside its jurisdiction in granting Davis's motion for a bench trial. Rather, the premise of the Commonwealth's argument is that the district court acted erroneously in granting the bench trial. The following general standard applies in writ cases where the trial court is alleged to have been acting erroneously:

A writ of prohibition *may* be granted upon a showing ... that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

*Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004); *see also Bender*, 343 S.W.2d at 801 ("In the second class of cases relief ordinarily has not been granted unless the petitioner established, as conditions precedent, that he (a) had no adequate remedy by appeal or otherwise, *and* (b) would suffer great and irreparable injury (if error has been committed and relief denied).").

A petitioner must first show that there will be no adequate remedy by appeal if a writ does not issue, a requirement that is easily satisfied in this case. If the district court proceeds with a bench trial, as has been ordered, jeopardy will attach and retrial by a jury will be prohibited under KRS 505.030. This alone is sufficient to demonstrate the lack of an adequate remedy by appeal.

However, the second prerequisite—that denial of the writ will result in great and irreparable injury—cannot be established in this case. We have defined the phrase

"great and irreparable" injury as "something of a ruinous nature." *Bender*, 343 S.W.2d at 801. While the Commonwealth has a legitimate interest in ensuring that criminal proceedings are resolved in an appropriate manner, we simply cannot say that being forced to try this case before the bench is the sort of grievous injury that justifies the granting of an extraordinary writ. The fact that the underlying charges in this case are designated as misdemeanors, as opposed to serious felonies, only reinforces the soundness of that conclusion. Ultimately, given the facts in this case, we agree with the circuit court, which wrote in the order denying the writ, "[T]he Commonwealth will still be able to present evidence in the same fashion as it would before a jury. The fact that it will have to present the evidence to a judge rather than a jury should have no detrimental effect on its ability to obtain a fair judgment." The Commonwealth has simply failed to show that it will suffer great and irreparable injury if this particular case is tried via bench trial.

■ Such a failure would normally signal the end of the discussion, but we have, in some cases, carved out a limited exception to our requirement that the petitioner demonstrate great and irreparable injury.

> [I]n certain special cases this Court will entertain a petition for prohibition in the absence of a showing of specific great and irreparable injury to the petitioner, provided a substantial miscarriage of justice will result if the lower court is proceeding erroneously, *and* correction of the error is necessary and appropriate in the interest of orderly judicial administration. It may be observed that in such a situation the court is recognizing that if it fails to act the administration of justice generally will suffer the great and irreparable injury.

*Bender*, 343 S.W.2d at 801. This narrow exception has typically applied "in those limited situations where the action for which the writ is sought would blatantly violate the law, for example, by breaching a tightly guarded privilege or by contradicting the clear requirements of a civil rule." *Chauvin*, 175 S.W.3d at 616–17. In *Bender*, our predecessor court issued a writ to correct a trial court's erroneous application of one of our civil rules, noting:

> [I]f an erroneous order results in a substantial miscarriage of justice and the orderly administration of our Civil Rules necessitates an expression of our views, we may, and in the proper case should, decide the issue presented.
>
> If, as contended, the contested order requires the petitioners to disclose material written information to their adversaries in violation of a specific Civil Rule, there will be a substantial miscarriage of justice, particularly since the Rule involved was expressly adopted for the protection of those in petitioner's position.
>
> In addition, and perhaps this is the most compelling consideration, the proper construction and application of the Rule in question (CR 37.32) is important to the orderly administration of our Civil Rules. This Rule is relatively new and had no predecessor in our Civil Code or the Federal Rules of Civil Procedure. We have not heretofore had occasion to pass upon its meaning or effect. Under these circumstances, a decision would be of value to the Bench and Bar of Kentucky.

*Bender*, 343 S.W.2d at 802.

The central dispute in this case involves the proper interpretation and application of one of our criminal rules, namely RCr 9.26(1), which is instrumental in determining whether a criminal defendant's trial will be conducted before either a jury or a

judge. Although we have had numerous cases considering other aspects of RCr 9.26, this is the first case where we have been presented with the issue of the applicability of the rule's waiver requirements, particularly the Commonwealth's ability to demand a jury trial, in cases involving misdemeanor offenses. Moreover, even with the limited record that is before us, it appears that RCr 9.26(1) has been applied inconsistently by some of the state's trial courts. In its Motion for Discretionary Review, the Commonwealth documented several other cases in which Jefferson Circuit Court judges issued writs to prohibit the district court from conducting bench trials over the Commonwealth's objection on misdemeanor DUI charges. Ultimately, though we are not defining the contours of a newly-enacted rule, as was the case in *Bender*, ensuring the proper application and construction of RCr 9.26(1) is of sufficient importance to justify considering the Commonwealth's writ petition.

### B. The District Court's Order for a Bench Trial

Having determined that the extraordinary remedy of a writ is available in this case, we now turn to the merits of the Commonwealth's claim,—namely, whether the district court erred in ordering a bench trial over the Commonwealth's objection. As we have alluded, this case primarily involves the proper construction of RCr 9.26(1) which reads:

Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the Commonwealth.

Understanding the phrase "cases required to be tried by a jury" is the key to our decision here because it delineates the class of cases to which the rule applies. The meaning of this phrase, however, is somewhat ambiguous.

■ The right to a jury trial is a fundamental guarantee of our legal system.

Both the Sixth Amendment to the United States Constitution, which provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed," and Section 7 of the Kentucky Constitution, which provides that "[t]he ancient mode of trial by jury shall be held sacred, and the right thereof remain inviolate," guarantee a criminal defendant the right to trial by jury.

*Jackson v. Commonwealth,* 113 S.W.3d 128, 131 (Ky.2003). Although the constitutional guarantee of a jury trial has traditionally been limited to the prosecution of "serious" offenses, the General Assembly of Kentucky has expanded the jury trial guarantee to all criminal prosecutions. KRS 29A.270(1) provides:

Defendants shall have the right to a jury trial in all criminal prosecutions, including prosecutions for violations of traffic laws, in the Circuit and District Courts. The defendant may request a jury trial at any time prior to the time his case is called for trial.

By its terms, of course, RCr 9.26(1) is only applicable to those "cases required to be tried by a jury" and would not necessarily apply in a case where a jury trial might be available, but is not technically required. This subtle distinction is at the heart of Davis's argument and is the key to our decision herein.

In its opinion and order denying the Commonwealth's writ petition, the circuit court cited to Section 11 of the Kentucky Constitution, which sets forth some of the basic rights afforded to a criminal defen-

dant, among them the right to a jury trial. That section provides, in relevant part:

> [The accused] cannot be compelled to give evidence against himself, nor can he be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land; and in prosecutions by indictment or information, he shall have a speedy public trial by an impartial jury of the vicinage . . . .

The Circuit Court held, based on the language of Section 11, that the only criminal "cases required to be tried by jury" are "prosecutions by indictment or information" and that the consent requirement of RCr 9.26(1) did not apply because the defendants in this case had not been prosecuted in that manner. While the simplicity of this approach is somewhat appealing, it ignores significant complicating factors.

Among these factors are several older cases discussing the common law right to trial by jury under Kentucky law. Because they were decided before both the adoption of the relevant criminal rule and the enactment of KRS 29A.270, these cases are not dispositive of the issue. They are nonetheless informative as they trace the development of the common law on this issue, culminating in the adoption of RCr 9.26.

Until 1975, our predecessor court had uniformly held that a defendant who had pleaded not guilty was prohibited from waiving his right to a jury trial in a felony case. *See, e.g., Tackett v. Commonwealth,* 320 S.W.2d 299 (Ky.1959) ("[The] constitutional right [to trial by jury] cannot be waived in a felony case."). The Court had, however, departed from the strict no-waiver rules in misdemeanor prosecutions, holding that misdemeanor defendants were entitled to waive some, if not all, of the protections afforded by their right to a jury trial:

We think the time has come to abandon the romantic aspects of the ancient mode of trial by jury and consider the matter pragmatically. No one questions the right of a defendant in a criminal case to invoke the protection of any or all of his constitutional rights. On the other hand, we can find no sound reason to deny him the right of waiving procedural requirements which exist principally for his benefit. We have recognized that he can waive a jury completely by pleading guilty. He can waive the right to counsel, the right to freedom from self-incrimination, the right to have excluded evidence obtained by unreasonable search or seizure, and at least in misdemeanor cases, the right to a 12–man jury. On what logical basis is unanimity a more sacred right?

It is true this Court has heretofore adhered to the theory that in a felony case the defendant cannot waive a 12–man jury. A serious question may be raised as to whether a valid distinction can be made between the waiver of defendant's rights in felony cases on the one hand and misdemeanors on the other. We do not have that question here and will not re-examine it.

It is our conviction that at least in misdemeanor cases the defendant may waive not only a 12–man jury but unanimity of the jurors in reaching their verdict, provided always that such waiver agreement is entered into understandingly and voluntarily, and provided of course the Commonwealth agrees and the trial court approves.

*Ashton v. Commonwealth,* 405 S.W.2d 562, 571 (Ky.1965), *rev'd in part sub nom. Ashton v. Kentucky,* 384 U.S. 195, 86 S.Ct. 1407, 16 L.Ed.2d 469 (1966) (internal citations omitted). In *Short v. Commonwealth,* 519 S.W.2d 828 (Ky.1975), our pre-

decessor court held that a felony defendant was entitled to waive his right to a jury trial, although that opinion included an important caveat: "the maintenance of the jury as a fact finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant." *Id.* at 833. After *Short*, therefore, criminal defendants in Kentucky, whether charged with a misdemeanor or felony, were permitted to waive their right to trial by jury, provided that such waiver was approved by both the Commonwealth and the trial court. In 1981, we adopted the current RCr 9.26 "which essentially codifies the holding in *Short* . . . ." *Jackson,* 113 S.W.3d at 131–32.

Perhaps the most significant complicating factor, however, is the fact that the General Assembly, via KRS 29A.270, has seen fit to extend the right to a jury trial to defendants in *any* criminal prosecution. As noted above, the Court of Appeals affirmed the circuit court's decision denying the writ, but did so for slightly different reasons, acknowledging the role of KRS 29A.270. The Court of Appeals relied heavily on *Donta v. Commonwealth,* 858 S.W.2d 719 (Ky.App.1993), in which the misdemeanor conviction of a defendant was upheld despite the fact that he had been absent from trial. Donta argued that he was improperly denied his right to a jury trial, as guaranteed by KRS 29A.270 and the Kentucky Constitution, but the court rejected those arguments, stating,

> True enough, KRS 29A.270 guarantees defendants jury trials in all criminal prosecutions, including those for even the most minor types of offenses. However, by stating that a "request" for a jury trial may be made at any time prior to the time a case is called for trial, this statute by implication imposes a clear burden on the accused to make a demand for a jury trial.
>
> Here, appellant never requested a jury trial. Although RCr 9.26(1) mandates that "[c]ases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing," we are of the opinion that in the absence of a request for a jury trial pursuant to KRS 29A.270, this rule should not be construed as intending to mandate that a jury trial must be conducted in every criminal case no matter how minor the charged offense might be. Indeed, Section 7 of the Kentucky Constitution has long been construed as guaranteeing an accused the right to a jury trial only to the extent that such a right existed at common law. *See Wendling v. Commonwealth,* 143 Ky. 587, 137 S.W. 205 (1911). Further, our courts have long recognized that there is no constitutional right to a jury trial in cases involving petty offenses because no such right existed in such cases at common law. *See City of Mt. Sterling v. Holly,* 108 Ky. 621, 57 S.W. 491 (1900). It follows, therefore, that if the offense with which appellant was charged was not one which was required to be tried by a jury at common law, the court did not err here by failing to conduct a jury trial.

*Id.* at 723–24. Although the factual and procedural circumstances between this case and *Donta* are clearly distinguishable, the Court of Appeals concluded correctly that its earlier opinion had defined the scope of "cases required to be tried by a jury" in RCr 9.26(1) and that "petty offenses" are not, in and of themselves contained within that class of cases.

■ Although the point is vigorously argued by the Commonwealth, we agree with the Court of Appeals that the crimes for

which Davis has been charged, including first offense DUI, are "petty offenses," at least as that term has been used in the common law. The division between "petty" and "serious" offenses has been addressed repeatedly by the United States Supreme Court which has stated, "[W]e have found the most relevant [objective indications of the seriousness with which society regards the offense] in the severity of the maximum authorized penalty. In fixing the maximum penalty for a crime, a legislature include[s] within the definition of the crime itself a judgment about the seriousness of the offense." *Blanton v. City of North Las Vegas*, 489 U.S. 538, 541, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989) (internal quotation marks and citations omitted). While the Supreme Court has declined to define any bright line rule setting apart the two categories, it has noted "that a potential sentence in excess of six months' imprisonment is sufficiently severe by itself to take the offense out of the category of 'petty.'" *Id.* at 542, n. 7, 109 S.Ct. 1289 (internal quotation marks and citation omitted). Using this framework, the *Blanton* Court held that first offense DUI—which at the time in Nevada carried a maximum penalty of 90 days in jail, up to 48 hours of community service, and a fine of $1,000—was a "petty" offense and there was no requirement that such a case be tried to a jury.

Kentucky's first offense DUI law allows the following penalty: "For the first offense within a five (5) year period, [a violator will] be fined not less than two hundred dollars ($200) nor more than five hundred dollars ($500), or be imprisoned in the county jail for not less than forty-eight (48) hours nor more than thirty (30) days, or both . . . ." KRS 189A.010(5)(a). Applying the logic of *Blanton*, we can only conclude that DUI first offense is a "petty offense." As such, and given that Davis was not prosecuted "by indictment or information" as used in Section 11 of the Kentucky Constitution, there is no common law, and thus no constitutional requirement that his case be tried to a jury.

■ Having determined that there is no constitutional requirement for a jury trial in this case, the operation of KRS 29A.270 is the only factor which can potentially transform this into a case "required to be tried by a jury." We believe, as set forth in *Donta*, that "by stating that a 'request' for a jury trial may be made at any time prior to the time a case is called for trial, [KRS 29A.270(1)] by implication imposes a clear burden on the accused to make a demand for a jury trial." *Donta*, 858 S.W.2d at 723. Once a defendant has satisfied that burden and asserted his right to a jury trial, however, we believe his case is one "required to be tried by a jury" under RCr 9.26(1).

■ Ultimately, we disagree, with the Court of Appeals' conclusion that Davis did not make a request for a jury trial as required by KRS 29A.270. Although the trial court record is limited, there is sufficient reason to believe that at his initial appearance Davis requested a jury trial. At oral argument, Davis's counsel stated that the case was originally scheduled for a jury trial during a pre-trial hearing, but that "strategy changes later." While this is not a clear acknowledgment that Davis's right to a jury trial had been asserted before the trial court, the clear implication is that Davis offered his motion for a bench trial after reconsidering the wisdom of his decision to proceed before a jury. This is enough to trigger the operation of RCr 9.26(1), including its requirement that the Commonwealth consent to a waiver of the right to a jury trial in any case that is required to be so tried. Thus the district court's decision to grant Davis's motion for

a bench trial, despite an objection by the Commonwealth, was error.

Having already determined that this is an appropriate case for the availability of an extraordinary writ, we now reverse the Court of Appeals and remand this matter to the Jefferson Circuit Court for entry of a writ of prohibition preventing the Jefferson District Court from conducting a bench trial in the matter herein without the consent of the Commonwealth.

LAMBERT, C.J.; GRAVES, JOHNSTONE, SCOTT and WINTERSHEIMER, JJ., concur.

COOPER, J., dissents by separate opinion.

COOPER, Dissenting Justice.

Relief by way of prohibition or mandamus is an extraordinary remedy and we have always been cautious and conservative both in entertaining petitions for and in granting such relief. This careful approach is necessary to prevent short-circuiting normal appeal procedure and to limit so far as possible interference with the proper and efficient operation of our circuit and other courts. If this avenue of relief were open to all who considered themselves aggrieved by an interlocutory court order, we would face an impossible burden of nonappellate matters. *Bender v. Eaton*, 343 S.W.2d 799, 800 (Ky. 1961). Whether to issue a writ has always been within the sound discretion of the appellate court in which the petition is filed. *Hoskins v. Maricle*, 150 S.W.3d 1, 9 (Ky.2004). "[W]hether to grant or deny a petition for a writ is within the appellate court's discretion. And, appellate review of that decision is limited to an abuse-of-discretion inquiry, except for issues of law which are reviewed de novo." *Rehm v. Clayton*, 132 S.W.3d 864, 866 (Ky.2004) (citations and quotations omitted). Less than four months ago, the author of today's majority opinion accurately wrote:

A petitioner must make a significant showing for a writ even to be *available* in a given case because extraordinary writs inherently intrude into the workings of the lower courts and bypass the normal appellate process. Even in those rare cases when a writ is available as a remedy, the court originally hearing the petition retains its discretion to grant or deny the writ after examining the merits.

*Powell v. Graham*, 185 S.W.3d 624, 627 (Ky.2006). Yet, the majority of this Court today concludes that the Jefferson Circuit Court abused its discretion in denying the Commonwealth's petition for a writ to prohibit a bench trial of this petty offense, despite finding:

(1) The case is not one that is required to be tried by a jury, *ante*, at 282;

(2) There exists no explicit agreement, *ante*, at 279 n. 2, no clear acknowledgment, *ante*, at 285, and certainly no proof that Davis ever requested a jury trial; and

(3) The Commonwealth will not suffer great injustice and irreparable injury if the case is tried without a jury, *ante*, at 281.

The district court record reflects only that on September 3, 2002, the district judge set the case for trial by jury to be held on November 27, 2002; that on November 19, 2002, Davis's counsel made a motion for a bench trial, *i.e.*, waived his right to trial by jury, *see, e.g., Jackson v. Commonwealth*, 113 S.W.3d 128, 131 (Ky. 2003) ("It is now well settled that an accused, in the exercise of a voluntary and intelligent choice, may waive his right to a jury trial ...." (Citation and quotation omitted.)); and that the district judge then set the case for a bench trial on January 25, 2003. Forty-seven days later and just

two days before trial, the Commonwealth filed this petition for a writ to prohibit the trial court from conducting a bench trial. This is precisely the kind of interference with trial dockets that we have held warrants the denial of a writ.

Now, the majority of this Court holds that, while the Court of Appeals' legal analysis is correct, "there is sufficient reason to believe that at his initial appearance Davis requested a jury trial," and "the clear implication is that Davis offered his motion for a bench trial after reconsidering the wisdom of his decision to proceed before a jury." In fact, there is no reason to assume that the trial court did not *sua sponte* set the case for trial by jury on the assumption that a criminal defendant would always prefer a trial by jury over a trial by judge. Absent proof, I do not believe that "sufficient reason to believe" and "clear implication" suffices to prove that the Jefferson Circuit Court abused its discretion in denying the writ.

But even if that were not so, KRS 29A.270(1) gives the defendant the discretion as to whether a petty offense with which he or she is charged shall be tried by judge or jury. Because, as the majority opinion holds, RCr 9.26(1) does not apply to petty offenses, the Commonwealth simply is without standing to preclude the defendant from waiving his right to trial by jury or the trial court from permitting him to do so. *Compare Commonwealth v. Johnson,* 910 S.W.2d 229, 230–31 (Ky.1995) (Commonwealth has the right to demand trial by jury of sentencing phase of capital trial).

Accordingly, I dissent and would affirm the Jefferson Circuit Court and the Court of Appeals in all respects.